Jones, J.
 

 Defendant below, the plaintiff in error here, claims that the trial court, in overruling its oral demand for a jury at the opening of the trial, violated the provision of the Constitution which guarantees that the right of a trial by a jury shall be inviolate (Article 1, Section 5).
 

 Section 1579-24, General Code, applying to the Municipal Court of Cleveland, reads: “All causes in the municipal court, both civil and criminal, shall be tried by the court unless a jury trial be demanded by a party entitled to the same. The time for making a demand for a jury trial in civil cases may be fixed and limited by rule of court.”
 

 The Cleveland Municipal Court had adopted a rule requiring the demand to be made at a time previous to the trial. The rule was made pursuant to the authority of the statute, and was a reasonable provision.
 
 *240
 
 A statute authorizing courts to formulate a rule providing how long before the trial a demand for a jury-should be made, and requiring such demand to be in writing, is constitutionally valid. It merely regulates the method of making the demand in the interest of economy and orderly procedure. It does not deny a party his right to a jury trial. The authorities supporting that principle are numerous and may be found in the copious notes attached to the text in 35 Corpus Juris, page 212, Section 128. This court has held that, in the trial of misdemeanors, statutes requiring a demand for a jury before trial are not unconstitutional.
 
 Hoffman
 
 v. State, 98 Ohio St., 137, 120 N. E., 234.
 

 It is claimed, however, that the demand made at the opening of the trial was sufficient for the reason that a paper containing such demand had in fact been filed in the municipal court. So far as this record discloses, we have only the statement of counsel to that effect. No proof was offered in its support, nor is the paper writing contained in the record. The judgment was rendered on July 3, 1931, and a motion for a new trial was filed July 20, 1931. Upon the hearing of the motion for a new trial defendant’s counsel stated they wanted the record to show that a jury was demanded before trial. No legal profert was made in support of that statement; but, had there been, the testimony would have been incompetent because the proof should have been submitted to the court by the defendant before the trial and not after the judgment was rendered against it. The reason is obvious. Otherwise a party before trial might offer no proof or but a modicum of proof supporting his demand for a jury, and could withhold his substantial proof until after he had lost his case by trying it to the court.
 

 Since the record fails to show that the municipal court rule had been complied with, and a written de
 
 *241
 
 mand made for a jury pursuant thereto, the case must be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Matthias, Day, Allen, Kinkade and Stephenson, JJ., concur.