Zimmerman, J.
 

 This cause is here pursuant to the allowance of appellant’s motion to require the Court of Appeals of Stark county to certify its record.
 

 Appellant, Catherine Brown, is the widow of Jesse B. Brown, who died in November of 1931. The latter made his will in August of that year, giving his wife one dollar and leaving the balance of his estate to three persons, designated as niece and nephews. He had no children.
 

 The will was produced and filed in the Probate Court of Stark county in January of 1932, and its admission
 
 *25
 
 to probate and the appointment of the executor occurred in February of the same year.
 

 With the inventory filed on July 11, 1932, the appraisers failed to include any written allowances to the widow as provided by statute. The estate was appraised at $21,365.70, but its actual value upon liquidation proved to be considerably less than this amount.
 

 There was an unsuccessful contest of the will and the widow then elected to assert her rights under the statutes of descent and distribution. She also filed a motion in the Probate Court on March 23,1933, asking the court “to make an allowance of money to her for said year’s support and maintenance, and also an allowance of money for the exemptions to which she is entitled under the statute.” $1,200 was suggested by appellant’s attorney as a proper amount for the year’s support.
 

 By journal entry filed April 10, 1933, the court ordered “that the [original] appraisers set off to Catherine Brown the property as provided for in Section 10654 of the Code or five hundred dollars ($500) in lieu thereof, and the year’s allowance in writing, as provided in Code Section 10656,” it having previously been determined “that the widow’s rights as to set-off and year’s allowance, became vested at the time of the death of her husband and are governed by the law in effect at that time.”
 

 By supplemental inventory and appraisement filed April 25, 1933, $500 in money was set off under Section 10654, General Code (repealed 114 Ohio Laws, 320), in “Schedule A,” and a year’s allowance in the sum of $480, in “Schedule B.” Although she denied saying it, there is evidence in the bill of exceptions that appellant stated, during a court hearing, that she “could live on less than $480 and she could save some money.”
 

 The records of the Probate Court under date of June 20, 3933, show the following’;
 

 
 *26
 
 “Hearing had. Supplemental Inventory & Appraisement allowed and confirmed. Jor’l 108, page 378.
 

 “This day the inventory, heretofore filed herein, came on for hearing.
 

 “It appearing to the satisfaction of the court that notice of the filing of the said inventory has been given to all interested parties, as required by law and no exceptions having been filed thereto; it is now ordered that said inventory, after being duly examined, be allowed and confirmed. ’ ’
 

 And so the matter rested until June 25, 1940, when new counsel for appellant filed a petition in the Probate Court under Section 10509-77, General Code, alleging that the year’s allowance of $480 to the widow previously made was insufficient, and praying that the same “may be reviewed and increased by the sum of four thousand, five hundred twenty dollars ($4,520), making the total amount of said allowance necessary for the support of such widow the sum of five thousand dollars ($5,000).”
 

 A hearing was had on such petition, and in the journal entry filed August 8, 1940, the court found “that the allowance made by the appraisers of said estate for the support of the widow for twelve (12) months from the death of said decedent in the sum of four hundred and eighty dollars ($480) is insufficient and inadequate, and that the same should be increased.
 

 “It is, therefore, ordered that said allowance as fixed by the appraisers be, and it is hereby, vacated and set aside; and the court finds that the sum of four thousand dollars ($4,000) is necessary for the support of said widow, and the court fixes said allowance in said amount, which amount Daniel E. Mossop, administrator
 
 de bonis non
 
 with the will annexed of the estate herein, is ordered
 
 to
 
 pay to said widow according to law, instead of the amount allowed by said appraisers.”
 

 The administrator perfected his appeal to the Court of Appeals, which reversed and set aside the judg
 
 *27
 
 ment of the Probate Court granting the additional allowance, and remanded the cause with instructions to dismiss the petition for the review of the allowance theretofore fixed by the appraisers.
 

 As expressed in its opinion, the Court of Appeals took the following view:
 

 “In March of 1933, the widow, by her application, sought the action of the Probate Court'for a further or increased allowance. If. she was dissatisfied, she had the right to appeal or prosecute a proceeding to vacate. Having omitted to avail herself of that right, she cannot, by a new application or petition again invoke the action of the Probate Court upon the same question. The duty of the court was to review the proceedings of the appraisers. That duty performed, its power over the question was thereby exhausted. ’ ’
 

 The Court of Appeals cited the case of
 
 Moore
 
 v.
 
 Admr. or
 
 Moore, 46 Ohio St., 89, 18 N. E., 489, as authority for its holding.
 

 Regardless of the applicability of the
 
 Moore case
 
 to the facts of the instant controversy, Section 10501-13, General Code, provides:
 

 ‘ ‘ The several judges of the Probate Court shall make rules not inconsistent with the laws of the state, for regulating the practice and conducting the business of the court, which they shall submit to the Supreme Court. * * *”
 

 Pursuant to such authorization, the Probate Judges’ Association of Ohio adopted a number of rules denominated as the “Uniform Rules of Practice in the Probate Courts of Ohio,” which were promulgated for all Probate Courts of the state, effective February 24, 1932. See Journal No. 32, page 583, Supreme Court of Ohio.
 

 Rule 13 is as follows: “The court will not consider a petition to review the allowance made to a widow or children under Section 10509-77 of the General Code, unless such proceeding is filed within the time allowed
 
 *28
 
 for filing exceptions to the inventory, except that any interested party who did not have notice of the filing of the inventory may bring snob a proceeding within four months after the approval of the inventory. In such a case, at least five days ’ notice must be given to the widow and the fiduciary.”
 

 This rule is not in conflict with the statutory or organic law of the state, is not unreasonable or arbitrary, is conducive to the prompt and efficient dispatch of the court’s business and, in our opinion, is valid.
 

 The inherent power of courts to make such reasonable rules as are deemed necessary to regulate and expedite, proceedings is generally recognized. See
 
 Meyer
 
 v.
 
 Brinsky,
 
 120 Ohio St., 371, 195 N. E., 702. “Rules prescribing the time within which certain acts must be done or certain proceedings taken are very familiar and are absolutely indispensable to the prevention of needless delays and to the orderly and speedy discharge of business.” 14 American Jurisprudence, 359, Section 153.
 

 In the present case the Probate Court noted the existence of the quoted rule, but rejected it solely on the ground that it was “unconstitutional and contrary to law.”
 

 Recognizing the validity and force of Rule 13, we are of the opinion that it operated to defeat the widow-appellant’s petition to review and increase the year’s allowance, presented more than seven years after the approval of the supplemental inventory and appraisement, wherein the year’s allowance was fixed in writing.
 

 The judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Wbygandt, C. J., Turner., Matthias, Hart and Bettman, JJ., concur.
 

 Williams, J., concurs in paragraph one of the syllabus and in the judgment.