**STATE, ex rel. DAVIS, Relator, v. MASGAY, Clerk of Courts, Respondent.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25048.   Decided June 2, 1960.

Woodle & Wachtel, for relator.
John T. Corrigan, Pros. Atty., John F. Smolka, for respondent.

(DOYLE, PJ, HUNSICKER, J, of the Ninth District, GRIFFITH, PJ, of the Seventh District, sitting by designation in the Eighth District.)

## OPINION
By GRIFFITH, J.

This is an original action in mandamus brought in this court wherein the relator, Gene Davis, seeks to compel the respondent, who is the Clerk of Courts, to docket her appeal from a judgment of the East Cleveland Municipal Court to the Court of Common Pleas of Cuyahoga County.

In brief, the relator states that she was the defendant in an action in the Municipal Court of East Cleveland and that judgment therein was rendered against her. From that judgment, she appealed to the Common Pleas Court.   She timely filed her notice of appeal, had a transcript prepared of the proceedings in the Municipal Court and presented the same to the respondent Clerk for filing and docketing and he refused to docket the appeal or to assign a number to the same or to enter on the docket of the Common Pleas Court a notation of the filing of said transcript or to take any steps in connection with said appeal until the relator had deposited with him as security· for costs the sum of $16.00.   The respondent Clerk refused to accept the relator's appeal papers by reason of Rule 7 of the rules of the Common Pleas Court, the applicable portion of which rule reads as follows:

"(a) No civil action or proceeding shall be accepted by the Clerk for filing unless the party or parties offering the same for filing shall have first deposited a sum to secure the payment of the costs that may accrue in such action or proceeding except as otherwise provided by

law. Such advance deposit shall be in accordance with the following schedule:

"* * *

"Appeals from other tribunals _____$16.00."

The relator contends that this rule is invalid for the reason that it is in conflict with Ohio statutes relating to appeals and is beyond the power of the Common Pleas Court to enforce. The statute provides specific steps to be taken in order to effect one's appeal in civil causes. The relator contends that the requirement of a deposit of $16.00 as set forth in the rule is to require an additional step not provided by statute and to impose an additional condition not provided by statute, and that Rule 7 does not have uniform application throughout our state.

The Court of Common Pleas of Cuyahoga County promulgated Rule 7, which became effective June 1, 1956. The rule was adopted by virtue of the express grant of the rule making power conferred upon the court by §2323.31 R. C. It reads:

"The court of common pleas by rule may require an advance deposit for the filing of any civil action or proceeding. On motion of the defendant, and if satisfied that such deposit is insufficient, the court may require it to be increased from time to time, so as to secure all costs that may accrue in the cause, or may require personal security to be given; but if a plaintiff makes an affidavit of inability either to prepay or give security for costs, the clerk of the court shall receive and file the petition. Such affidavit shall be filed with the petition, and treated as are similar papers in such case.

In 1923, in an original action in mandamus in our Supreme Court in the case of **State, ex rel. Hawke v. LeBlond, Presiding Judge of the Court of Common Pleas of Hamilton County, 108 Oh St 126, 140 N. E. 510,** the court, at page 135, had this to say:

"We are of the opinion, however, that courts have the inherent right to formulate rules for their government, so long as such rules are reasonable and not in conflict with general laws. The right to make rules must be held to come within the implied powers of courts of justice. The Legislature has never prescribed in minute detail all of the procedure necessary in conducting courts of justice in an orderly manner, and many things must necessarily be left to the sound discretion of the court, and it is, of course, desirable that as far as possible those details be carried out in an orderly manner and according to a published rule."

The single question reduced to its simplest terms is, whether the Common Pleas Court of Cuyahoga County has the power to adopt a rule requiring the relator to deposit $16.00 with the Clerk of Courts prior to having her appeal from the Municipal Court of East Cleveland (another tribunal) filed and docketed. This is strictly a rule of proceedure in no wise affecting the fundamental right of appeal. The Court of Common Pleas has the inherent right as well as the statutory authority to adopt and enforce reasonable rules governing the conduct of its business and specifically to adopt Rule 7, requiring litigants to furnish a deposit of $16.00 for costs or security therefor preliminary to filing and docketing of an appeal "from other tribunals," which in the instant case includes the East Cleveland Municipal Court. The rule is reason-

able and the amount of the deposit required is not excessive, and if perchance the appellant is unable to prepay or give security for costs, her right to appeal is not denied because she may by affidavit state such fact, following which the Clerk must receive and file the document.

In reference to the question of Rule 7 not being uniform throughout the state, the fact that other common pleas courts in this state require no deposit in civil appeals is of no consequence. The legislative authority for the adoption and enforcement of the rule (§2323.31 R. C.), is permissive in its language. The various courts over the state may or may not require a deposit. It is discretionary. The fact that courts in other counties have no such rule does not defeat the uniform application of the statute throughout the state. The statute is there to use if the various county courts desire to use it.

We have pondered all the grounds urged by counsel for relator and upon consideration are of the opinion that both as a matter of law generally and as a matter of fact in this particular case as disclosed by the petition the relator is not entitled to the relief sought. The petition will therefore be dismissed.

Petition dismissed. Exceptions. Order see journal.

DOYLE, PJ, HUNSICKER, J, concur.