CASSIDY, APPELLEE, *v.* GLOSSIP, APPELLANT.

[Cite as Cassidy v. Glossip, 12 Ohio St. 2d 17.]

18

(No. 40645—Decided November 8, 1967.)

*Messrs. Casper & Casper* and *Mr. Jack A. Casper,* for appellee.

*Messrs. Janson, Smith, Davis & Bixler, Mr. William C. Ailes* and *Mr. Kenneth J. Cummings,* for appellant.

TAFT, C. J.   Defendant contends that Rule 22 of the Common Pleas Court of Butler County is invalid.   That rule provides that a party shall request a jury not later than the third day prior to the date of the commencement of the trial or he shall be deemed to have waived a jury trial.

Section 5 of Article I of the Constitution of Ohio reads, so far as pertinent:

"The right of trial by jury shall be inviolate * * *."

It is well settled that the foregoing constitutional provision does not prevent a court from giving effect to a waiver of a jury trial by a party who has a right to a jury trial. It has also been held that a party who has a constitutional right to trial by jury may be required to make a demand for a jury trial in order to have a jury trial, and that he may be required to make such demand within a reasonable period, such as three days before the time that his action has been set for trial.

In *Hoffman* v. *State* (1918), 98 Ohio St. 137, 120 N. E. 234, paragraph one of the syllabus reads:

"Statutes providing in substance that before an accused shall be entitled to a jury in the trial of misdemeanors or petty offenses under municipal ordinances, where imprisonment is

made a part of the penalty, he must demand the same, are not in any wise violative of the constitutional right to trial by jury.''

In *Goldberg Co.* v. *Emerman* (1932), 125 Ohio St. 238, 181 N. E. 19 (which was a civil action for money only in the Cleveland Municipal Court at a time when the only review of a judgment in such a case in that court was by a proceeding in error to the Court of Appeals where no jury would be provided. See Section 1579-36, General Code, as enacted in 108 Ohio Laws, Pt. 1, 166, 170), paragraph one of the syllabus reads:

''Section 1579.24, General Code, authorizing courts to formulate a rule providing how long before the trial a demand for a jury should be made and requiring such demand to be in writing, is constitutionally valid. Such statute and rule merely regulate the method of making the demand; they do not deny a party his right to a jury trial.''

In *Mentor* v. *Giordano* (1967), 9 Ohio St. 2d 140, 224 N. E. 2d 343, where defendant had been fined and sentenced to 15 days in jail, paragraph one of the syllabus reads:

''The guarantee of a jury trial in criminal cases contained in the state and federal Constitutions is not an absolute and unrestricted right in Ohio with respect to misdemeanors, and a statute, ordinance or authorized rule of court may validly condition the right to a jury trial in such a case on a written demand therefor filed with the court a specified number of days before the date actually set for the trial for the offense charged.''

In *Hoffman* v. *State, supra* (98 Ohio St. 137), it is stated in the opinion, at page 140, by Wanamaker, J.:

''* * * a requirement imposed by law upon the accused to demand his right before he may enjoy it is not a restriction, limitation or violation of such right.''

In *Mentor* v. *Giordano, supra* (9 Ohio St. 2d 140), it is stated in the opinion by Zimmerman, J., at page 143:

''* * * So a statute or authorized rule of court to the effect that a defendant shall not be entitled to a jury trial unless he makes demand therefor in writing within a specified time before trial is valid. * * *''

With respect to a rule requiring a demand for a jury before trial, it is stated by Jones, J., in *Goldberg Co.* v. *Emerman, supra* (125 Ohio St. 238), in the opinion, at page 240:

"* * * It merely regulates the method of making a demand in the interest of economy and orderly procedure. It does not deny a party his right to a jury trial. * * *"

See also Annotation, 64 A. L. R. 2d 506, 513 *et seq.*

Thus, Rule 22 of the Butler County Common Pleas Court is a procedural rule that would not be invalid by reason of any conflict with the provisions of Section 5 of Article I of the Ohio Constitution.

Courts are vested with inherent power to establish procedural rules if they are reasonable and do not conflict with the organic law, or any valid statute.

As stated by Judge Allen in the opinion in *Cleveland Ry. Co.* v. *Halliday, Admr.* (1933), 127 Ohio St. 278, 188 N. E. 1, at page 283:

"* * * aside from common-law or statutory grant, the power to make rules of procedure is inherent in the judicial department. * * *

"Section 1558, General Code [Section 2301.04, Revised Code], which grants to Courts of Common Pleas * * * the power to make rules with reference to court procedure, is only declaratory of the inherent rule-making power already existing in courts. * * *"

Prior to 1953, there was substantial constitutional basis for statements such as those found in paragraph three of the syllabus of *Cleveland Ry. Co.* v. *Halliday, Admr., supra* (127 Ohio St. 278); paragraph two of the syllabus in *Van Ingen* v. *Berger* (1910), 82 Ohio St. 255, 92 N. E. 433; paragraph two of the syllabus of *Meyer* v. *Brinsky* (1935), 129 Ohio St. 371, 195 N. E. 702; and paragraph one of the syllabus of *Brown* v. *Mossop, Admr.* (1941), 139 Ohio St. 24, 37 N. E. 2d 598, to the effect that statutes might prevail over reasonable rules of procedure adopted by a court under its inherent rule-making power. At that time Article XIV of the Ohio Constitution could provide substantial support for the conclusion that a legislative enactment might interfere with the inherent rule-making power of the

Common Pleas Court. However, in 1953, that article of the Constitution was repealed.

Also, in a series of recent cases involving our Rule XVIII (formerly Rule XXVII) relating to disciplinary procedure, this court has made it abundantly clear that statutory provisions may not interfere with reasonable rules of practice relating to the disciplining of attorneys and adopted by this court pursuant to its inherent rule-making power. *In re McBride* (1956), 164 Ohio St. 419, 132 N. E. 2d 113; *Cleveland Bar Assn.* v. *Pleasant* (1958), 167 Ohio St. 325, 148 N. E. 2d 493; and *Mahoning County Bar Assn.* v. *Franko*, 168 Ohio St. 17, 151 N. E. 2d 17.

Provision is made by Section 3, Article IV of the Ohio Constitution for a Common Pleas Court in each county. Although Section 4 of that article provides that "the jurisdiction of the Courts of Common Pleas * * * shall be fixed by law," there is now nothing in the Constitution conferring upon the General Assembly authority to infringe upon the inherent power of the Common Pleas Court to establish reasonable rules regulating its proceedings.

However, it is not necessary to consider whether a Common Pleas Court may adopt a reasonable procedural rule under its inherent rule-making power, notwithstanding a conflict with some statute. See Annotations, 110 A. L. R. 22, 43 *et seq.*, and 158 A. L. R. 705, 712 *et seq.* As will hereinafter appear, there is no conflict between the rule involved in this case and any statute of this state.

It is contended that the Common Pleas Court of Butler County had no authority to adopt such a rule because it would conflict with Sections 2311.04 and 2315.20, Revised Code.

So far as pertinent, those statutes read:

Section 2311.04. "Issues of law must be tried by the court, unless referred as provided in Sections 2315.26 to 2315.36, inclusive * * *. Issues of fact arising in actions for the recovery of money only * * * shall be tried by a jury, unless a jury trial is waived, or a reference is ordered as provided in such sections. * * *"

Section 2315.20. "In actions arising on contract, trial by

jury may be waived by the parties, and in other actions with the assent of the court as follows:

"(A) By consent of the party appearing, when the other party fails to appear at the trial, in person or by attorney;

"(B) By written consent, in person or by attorney, filed with the clerk;

"(C) By oral consent in open court entered on the journal."

In order to find any conflict between Rule 22 and these statutes, it is necessary to interpret Section 2315.20 as providing the only methods of waiving a jury in a case such as this. There are no words in these statutes that require such an interpretation; and in *Bonewitz* v. *Bonewitz* (1893), 50 Ohio St. 373, 34 N. E. 332, this court refused to make such an interpretation and stated in paragraph one of the syllabus:

"A party may waive his right to a jury trial by acts, as well as by words."

In arguing that what is now Section 2315.20 provides the only methods of waiving a jury in a case such as this, appellant relies upon a statement to that effect at page 284 in the opinion of Judge Allen in *Cleveland Ry. Co.* v. *Halliday, Admr., supra* (127 Ohio St. 278). This statement is based upon a misreading of Section 11379, General Code, from which Section 2311.04, Revised Code, is derived. So far as pertinent, the second sentence of that General Code section then read:

"Issues of fact * * * shall be tried by a jury, unless a jury trial be waived, or a reference be ordered as hereinafter provided." (Provisions for ordering a reference were made in Sections 11475 to 11486, General Code, which are now Sections 2315.26 to 2315.36, Revised Code.)

The words "as hereinafter provided" only modify the words "a reference be ordered." The insertion of the last comma in the sentence makes that clear. However, Judge Allen apparently concluded that the words, "as hereinafter provided," also modify the words, "unless a jury be waived"; and therefore concluded that the only waiver can be as specified in what was then Section 11421-1, General Code (now Section 2315.20, Revised Code).

24

This conclusion was not carried into the syllabus. At least since 1858 the syllabus of a decision of this court states the law of the case. See 94 Ohio St. ix. Furthermore, it is significant that Section 2311.04, Revised Code, which purports to be a recodification of Section 11379, General Code, did not interpret that General Code section as Judge Allen did. That Revised Code section substitutes for the General Code words, "as hereinafter provided" the words, "as provided in such sections"; and the words, "such sections" are specified in the same paragraph as being Sections 2315.26 to 2315.36, Revised Code, which deal only with "Trial by Referees." Under the specific words of Section 2311.04, Revised Code, "such sections" cannot possibly refer to Section 2315.20, Revised Code.

The decision and the syllabus in *Cleveland Ry. Co.* v. *Halliday, Admr., supra* (127 Ohio St. 278), will not support a holding of invalidity of a rule such as that involved in the instant case.

The *Halliday case* held invalid a rule of the Common Pleas Court of Cuyahoga County providing that, after a certain date, "* * * in all civil jury cases * * * the parties will be deemed to have waived a jury of twelve and to have consented to try such cases to a jury of six, unless a demand for a greater number than six in writing shall be filed * * *" by a specified time.

Although the term, "waived," was used in that rule, the result of the so-called waiver under that rule was not what was then and is now provided for by statute where a jury is waived, *i. e.*, a trial by the court. The rule there provided not for trial by the court but for trial by a so-called "jury of six."

As stated by Ranney, J., in the opinion of the court in *Work* v. *State* (1853), 2 Ohio St. 297:

(Page 305) "* * * the number of the jury at common law * * * must be twelve * * *."

(Page 306) "* * * the essential * * * features of the trial by jury, as known at common law * * * were intended to be preserved * * * by the constitutional provisions referred to; * * * the number of jurors cannot be diminished * * *."

Judge Ranney further points out, at page 308, that, so long as an appeal is provided to a court where a common law jury may be had, "no constitutional objection can arise, whether

facts are found by the magistrate or by the aid of the jury of any number * * *."

It is apparent therefore that "a jury of six" was not a jury. At most, the six jurors might then be considered as referees of the court. However, under Section 11379, General Code, such reference could only have been "as hereinafter provided" i. e., as provided in Sections 11475 to 11486, relating to "trial by referees"; and Section 11482, General Code, specifically provided for no more than three referees.

Hence, the rule involved in *Cleveland Ry. Co. v. Halliday, Admr., supra* (127 Ohio St. 278), clearly conflicted with the statutes providing for trial by the court where a jury was waived, or trial by not more than three referees where the case was referred.

The second paragraph of the syllabus in *Cleveland Ry. Co. v. Halliday, Admr., supra* (127 Ohio St. 278), suggests, and page 285 in the opinion in that case tends to indicate that, a Common Pleas Court may not adopt a rule of practice unless the same rule has been adopted in every other Common Pleas Court of the state. The argument seems to be (see also opinion in *Van Ingen v. Berger, supra* [82 Ohio St. 255], at page 262) that, since the General Assembly has no power to enact a law of a general nature that is not to have a uniform operation throughout the state, a Common Pleas Court should not have the power to adopt a rule of practice that is not in force in every other Common Pleas Court. See also *Busher, Clerk of Courts, v. Macek* (1933), 127 Ohio St. 554, 190 N. E. 200. The foregoing limitation on the power of the General Assembly is specifically provided for in Section 26 of Article II of the Ohio Constitution. There is now no comparable provision limiting the inherent rule-making power of a Common Pleas Court. Although we recognize the desirability of as much uniformity as reasonably possible with respect to the rules of practice of the Common Pleas Courts of this state, there is now no provision in the Constitution that requires such uniformity.

This court had occasion to consider the necessity of such uniformity on an appeal from a judgment of the Court of Appeals in *State, ex rel. Davis, v. Masgay* (Cuyahoga County,

1960), 84 Ohio Law Abs. 122, 167 N. E. 2d 659. In that case, the Court of Appeals had rejected a contention that a Common Pleas Court could not adopt a reasonable rule of practice if such rule was not in force uniformly throughout the state. The *per curiam* opinion of affirmance by this court rejects that contention by ignoring it. 171 Ohio St. 498, 172 N. E. 2d 297.

Furthermore, we are of the opinion that the second paragraph of the syllabus in *Cleveland Ry. Co.* v. *Halliday, Admr., supra* (127 Ohio St. 278), does not indicate that a Common Pleas Court may not adopt a rule of practice unless the same rule has been adopted in every other Common Pleas Court of the state. If such a conclusion is suggested it is only because of what is said in the opinion. That syllabus paragraph specifically deals with ''a special rule relating to jury trial'' and the previous syllabus paragraph indicates that the ''special rule'' involved, which provided for a trial by a jury of six, conflicted with the ''substantial right'' to ''a jury trial'' (*i. e.*, with twelve jurors) and did ''not involve merely a question of procedure.''

For the foregoing reasons the judgment is affirmed.

*Judgment affirmed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.