# OHIO *v.* GALLAGHER

No. 74–492.  Argued December 2, 1975—Decided April 5, 1976

*Herbert M. Jacobson* argued the cause for petitioner. With him on the brief was *Lee C. Falke.*

*Jack T. Schwarz,* by appointment of the Court, 421 U. S. 985, argued the cause and filed a brief for respondent.*

Per Curiam.

We granted certiorari[1] to determine whether the admission in evidence of statements made by an accused in response to in-custody questioning by his parole officer violates the rule of *Miranda* v. *Arizona,* 384 U. S. 436 (1966).

On June 21, 1972, the respondent, Terry L. Gallagher, was arrested and later charged with the armed robbery

---

*Evelle J. Younger,* Attorney General, *Jack R. Winkler,* Chief Assistant Attorney General, *S. Clark Moore,* Assistant Attorney General, *Frederick R. Millar, Jr.,* and *Theodora Berger,* Deputy Attorneys General, filed a brief for the State of California as *amicus curiae* urging reversal.

[1] 420 U. S. 1003 (1975).

of a food store. On the morning following his arrest, two detectives advised respondent of his rights under *Miranda* and then questioned him.[2]

Four days later, respondent's parole officer, William Sykes, went to the jail to talk to him about the food store robbery as a possible violation of parole. Respondent refused to discuss it, but on a return visit a week later, Gallagher gave Sykes a detailed account of his participation in the crime. It is undisputed that, at no time, did the parole officer advise Gallagher that he had a right to remain silent or that any statements he made would be used as evidence against him. At trial, the parole officer was called as a prosecution witness and testified, over defense objection, to the incriminating statements made to him by Gallagher.

Respondent was convicted of armed robbery in the Ohio Court of Common Pleas. The Ohio Court of Appeals affirmed. 36 Ohio App. 2d 29, 301 N. E. 2d 888 (1973).

The Supreme Court of Ohio granted respondent's motion for leave to appeal and reversed the judgment of conviction. 38 Ohio St. 2d 291, 313 N. E. 2d 396 (1974). In its opinion, the state court defined the question presented by respondent's appeal as "whether testimony, concerning certain statements made by [respondent] to his parole officer about his involvement in a crime, was received at trial in violation of [respondent's] privilege against self-incrimination, as guaranteed by Section 10, Article I of the Ohio Constitution, and the Fifth Amendment to the United States Constitution." *Id.,* at 294, 313 N. E. 2d, at 398–399. The Ohio Su-

---

[2] Statements elicited from the respondent during this police interrogation were later suppressed by the trial court on the ground that they were induced by promises of leniency and, as such, were involuntary.

preme Court held that testimony relating the statements of an accused in response to questions by his parole officer is inadmissible at trial if, prior to the questioning, the parole officer failed to advise the accused of his right to remain silent and his right to be provided with counsel prior to questioning, and to warn him that any statement might be used as evidence against him.  *Id.*, at 297, 313 N. E. 2d, at 400.

From the briefs and oral argument, we are unable to determine whether the Ohio Supreme Court rested its decision upon the Fifth and Fourteenth Amendments to the Constitution of the United States, or Art. I, § 10, of the Ohio Constitution, or both.  In its full opinion, the Ohio court cited with approval an excerpt from the opinion of the Court of Appeals for the Fifth Circuit in *United States* v. *Deaton,* 468 F. 2d 541 (1972), a case which, in the view of the state court, presented the precise question then before it.  We are unsure whether the Ohio court made reference to *Deaton* merely to lend support to its view that a parolee is under heavy pressure to cooperate with his parole officer or whether the court intended to demonstrate its reliance on a federal constitutional ground.  Indeed, we cannot be certain that the Ohio court did not construe its constitutional provision to be identical to that contained in the Fifth Amendment and thus render judgment simultaneously under both state and federal law.

We also note that, except for *per curiam* opinions, it is the settled rule in Ohio that its Supreme Court speaks as a court only through the syllabi of its cases.  See *Cassidy* v. *Glossip,* 12 Ohio St. 2d 17, 24, 231 N. E. 2d 64 (1967); see also *Beck* v. *Ohio,* 379 U. S. 89, 93 (1964). The italicized headnote which appears in the instant syllabus can be read as a holding based only on points of *criminal law* and the law of *evidence;* it contains

nothing to indicate that a point of federal *constitutional law* is decided. Because we decline to speculate from the choice of words used in the syllabus and the authorities cited by the author of the opinion as to which constitutional provision formed the basis for the judgment of the state court, we vacate the judgment of the Supreme Court of Ohio and remand the cause to permit that court to explicate whether or not its judgment relies on federal law. *California* v. *Krivda,* 409 U. S. 33 (1972); *Mental Hygiene Dept.* v. *Kirchner,* 380 U. S. 194 (1965); *Minnesota* v. *National Tea Co.,* 309 U. S. 551 (1940). We intimate no view on the merits of the Fifth and Fourteenth Amendment issue presented.

*Vacated and remanded.*

MR. JUSTICE STEVENS took no part in the consideration or decision of this case.

MR. JUSTICE STEWART, with whom MR. JUSTICE MARSHALL and MR. JUSTICE BLACKMUN concur, dissenting.

It is clear to me that the judgment of the Supreme Court of Ohio rests upon both the Constitution of the State of Ohio and the Constitution of the United States. That being so, the writ of certiorari must be dismissed as improvidently granted under the doctrine of *Jankovich* v. *Toll Road Comm'n,* 379 U. S. 487.

The issue that the Ohio court thought it had to decide could hardly have been more unambiguously stated than it was by Justice William B. Brown in the opening paragraph of the opinion of the court:

"The question presented is whether testimony, concerning certain statements made by appellant to his parole officer about his involvement in a crime, was received at trial in violation of appellant's privilege against self-incrimination, as guaranteed by

Section 10, Article I of the Ohio Constitution, and the Fifth Amendment to the United States Constitution." 38 Ohio St. 2d 291, 294, 313 N. E. 2d 396, 398–399.*

I would dismiss the writ of certiorari as improvidently granted.

---

*For more than 100 years the Ohio Supreme Court in other than *per curiam* opinions has stated the law of the case only in the syllabus. The syllabus in the present case makes no reference whatever to constitutional law, state *or* federal, but appears to be no more than a ruling in the area of state-evidence law. If the law of this case is to be so understood, it would *a fortiori* present no federal question.