KIMBLE, Appellee and Cross–Appellant,

v.

TROYAN et al., Appellants and Cross–Appellees.

[Cite as *Kimble v. Troyan* (1997), 124 Ohio App.3d 599.]

Court of Appeals of Ohio,
Seventh District, Harrison County.

Decided Dec. 22, 1997.

*Mark Beetham*, for appellee and cross-appellant.

*James J. Nichelson*, for appellants and cross-appellees.

---

Cox, Judge.

This matter presents a timely appeal from a September 20, 1996 judgment of the Harrison County Common Pleas Court wherein it was ordered that the valuation of the real property in question be $84,000 as submitted by the appointed commissioners; that plaintiff-appellee and cross-appellant Floyd E. Kimble's election to purchase the real property for $84,000 be granted; that upon receipt of the $84,000 the sheriff execute and deliver to appellee-Kimble a deed in partition of all of the parties' interests in the real property; that the sheriff pay costs out of the $84,000 and the remaining proceeds of the sale be divided among the cotenants according to their respective interests; and that the counterclaim of defendants-appellants and cross-appellees, Greg Troyan *et al.*, be set for hearing.

The subject of this law suit is the Troyanovich farm, consisting of one hundred sixty acres in Harrison County, Ohio. Kimble purchased an undivided one-eighth interest in the premises, through which he had previously installed a pipeline for the transportation of gas or oil from an adjoining property. Kimble maintains that he obtained an easement for the construction of the pipeline from Irene Harper, who was the owner of the undivided one-eighth interest.

A partition action was filed by Kimble on August 9, 1995. Answers and counterclaims for rents and profits from the pipeline were filed on September 13, 1995, by defendants-appellants and cross-appellees Kenneth Troyan, Jeffrey Troyan, Robert L. Troyan, Victoria Zajack, Kathleen Robinson Hungerfford, Arlene Robinson Swatson, Anna Troyanovich Nettleton, and Greg Troyan. A reply to these appellants' counterclaims was filed by Kimble on September 20, 1995.

On October 11, 1995, appellants and cross-appellees William and Monica Ali filed their answer, cross-claim, and counterclaim. On October 24, 1995, Greg Troyan filed an amended separate answer, cross-claim, and counterclaim. On October 23, 1995, Kimble filed a motion for default judgment against non-answering defendants and their unknown spouses and heirs. Kimble also moved on that date for judgment on the pleadings. On December 8, 1995, Kimble moved for summary judgment. All of the motions were set for hearing on

February 21, 1996, which was continued at the request of appellants until February 28, 1996.

A commissioners' return with valuation of $84,000 was provided to appellants' counsel by a letter dated February 16, 1996. The day before, William and Monica Ali had filed objections to the commissioners' report. These objections were also scheduled for hearing on February 28, 1996.

On February 23, 1996, Kimble filed his election to take at the appraised value. On February 28, 1996, prior to hearing on the commissioners' report and the aforementioned motions, Kenneth E. Troyan filed an election to take at the appraised value. A hearing was held on February 28, 1996, with regard to the objections to valuation and Kimble's motion for summary judgment.

On September 20, 1996, the trial court issued its order confirming the commissioners' valuation, determining that the real property in question should be sold to Kimble, and finding Kenneth E. Troyan's election to take to be untimely filed under a local rule of court. The trial court, however, denied Kimble's motion for summary judgment.

Appellants' timely notice of appeal was filed on October 3, 1996. On October 10, 1996, Kimble filed his timely notice of cross-appeal.

Appellants' sole assignment of error on appeal alleges:

"The trial court erred to defendants-appellants' detriment in enforcing a local rule in conflict with statute and case law."

The trial court invoked Local Rule 35 of the Harrison County Common Pleas Court, holding that Kenneth E. Troyan's election to take at the appraised price was not timely made.

Local Rule 35.01 states in part:

"It shall be the responsibility of Plaintiff to become informed of the Sheriff's action relative to the Writ of Partition and within ten days of the return of said writ to file a Motion concerning the approval of the valuation contained in said writ and to cause notice of a hearing of the Motion to be given to counsel and to parties having no counsel, including parties served by publication for whom addresses have been obtained. Said notice shall also inform the Defendants of the appraised value and of the right of each party to elect to purchase the real estate at the appraised value in writing filed with the Court three days before the date set for hearing with copies being served upon all counsel, parties having no counsel and other parties served by publication for whom addresses have been obtained. Any opposition to the appraised value as disclosed in Plaintiff's notice shall be by writing stating the grounds thereof and filed at least three days

before the date set for hearing and served on all parties and counsel as set forth above.

"The hearing shall be conducted on the date set forth in the notice. The Court will receive evidence on the question of approving the appraisal. If the court disapproves, an Alias Writ shall issue on the request of a party or upon the order of the Court. If the Court approves the appraisal, the Court will consider written elections of parties to purchase at the appraised value.

"If one or more parties (jointly) elects to purchase at the appraisal, it shall be adjudged to the party or parties (jointly) pursuant to Section 5307.09. If no one elects to purchase or more than one party individually elects to purchase, the real estate shall be sold pursuant to Section 5307.11."

Harrison County Loc.R. 35 requires that elections to purchase must be filed with the court before a hearing on appraisal. Such elections must be made before a determination of the value is accepted.

Loc. R. 35 cites R.C. 5307.09, which provides:

"When the commissioners provided for in section 5307.04 of the Revised Code are of opinion that the estate cannot be divided according to the demand of the writ of partition without manifest injury to its value, they shall return that fact to the court of common pleas with a just valuation of the estate. If such court approves the return, and one or more of the parties elects to take the estate at such appraised value, it shall be adjudged to them, upon their paying to the other parties their proportion of its appraised value, according to their respective rights, or securing it as provided in section 5307.10 of the Revised Code."

The trial court found that Local Rule 35 must control for reasons of avoiding last-minute filings. The trial court further felt its rule was acceptable, as it called for election before the order of sale. In its judgment entry, the trial court stated:

"The Court finds that the deadline is not unreasonable and is properly promulgated so that parties can have notice and an expectation and feeling for how matters shall proceed at hearing."

■ This rationale is found to be illogical, as the hearing in question was to determine the appropriateness of the value set by the commissioners. Only after that determination is made could a potential buyer be expected to decide if he or she wishes to buy at the approved valuation. Should the first appraisal not be approved, another appraisal is performed. This rule fosters premature elections rather than judicial economy and is in direct conflict with R.C. 5307.09.

■ Although courts clearly have the power to enact local rules not in violation of law pursuant to *Cassidy v. Glossip* (1967), 12 Ohio St.2d 17, 41 O.O.2d 153, 231 N.E.2d 64, a local rule of court cannot prevail when it is inconsistent with the

express requirements of a statute. *Cassidy, supra,* at 21, 41 O.O.2d at 155–156, 231 N.E.2d at 66–67.

Furthermore, the right of election should be exercised at the proper time, namely, after the report of the commissioners had been approved by the trial court, and before a sale was ordered. *Darling v. Darling* (1911), 85 Ohio St. 27, 96 N.E. 939.

In the case at bar, we find that the local rule's requirement of election is inconsistent with R.C. 5307.09 and is premature.

Appellants' sole assignment of error is found to have merit.

Kimble's sole assignment of error on cross-appeal alleges:

"Where, as in the instant case, defendants/co-tenants would bear the burden of going forward and the burden of persuasion on their counterclaim seeking an accounting of alleged 'rents' and 'profits' from operation of an oil and gas pipeline and defendants fail to produce *any* competent evidence that plaintiff—or anyone else, for that matter—received any 'rents' or 'profits' and plaintiff establishes by his uncontested affidavit that there were no 'rents' or 'profits', the court must conclude that there is no genuine issue as to that essential material fact of defendants' counterclaim and determine that plaintiff is entitled to judgment on the counterclaim as a matter of law."

Kimble asserts in his affidavit, "Neither I nor anyone else to my knowledge has made any profit from the construction and operation of the pipeline on the premises that are subject of this action." Based upon that averment and the other averments in his affidavit, Kimble moved the trial court for summary judgment against appellants on their counterclaim against him. Civ.R. 56(C) provides:

"(C) * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

The motion and affidavit of Kimble were directed to the one issue of material fact central to the counterclaim of appellants: Did Kimble receive any profits or

rents from the operation of the pipeline on the premises subject to the partition action, and if he did receive profits or rents could he be required to account to other cotenants? If Kimble did not receive any profits or rents, that material element of appellants' counterclaim must fail. Appellants did not respond to the motion and affidavit of Kimble denying that he had received any profits or rents. They filed no evidentiary materials in opposition to the motion for summary judgment: no affidavits, no answers to interrogatories, no responses to requests for admissions. Consequently, appellants did not contest whether or not Kimble received any profits or rents from the pipeline. Therefore, the record in this matter reveals no genuine issue as to that material fact.

The evidentiary standards concerning burdens of proof and summary judgment motions has recently been set forth in *Nelson v. Taoka* (1992), 82 Ohio App.3d 101, 611 N.E.2d 462.

"Under Civ.R. 56(C), when the moving party does not bear the burden of proof of an issue at trial, he may move for summary judgment. The nonmoving party must respond by 'producing evidence in compliance with Civ.R. 56(C) that is sufficient to support a finding that a jury could reasonably render a judgment in a non-moving party's favor. *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242 [106 S.Ct. 2505, 91 L.Ed.2d 202]. * * * To meet this burden, the non-moving party must produce more than a mere scintilla of evidence to support his claim since he must be able to demonstrate that he is entitled to judgment in his favor. * * * *While the court cannot usurp the jury's role of assessing the credibility or weight of the evidence the court must assess the sufficiency of the evidence.* * * * *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.* (1986), 475 U.S. 574 [106 S.Ct. 1348, 89 L.Ed.2d 538]. * * * If the court determines that, when the evidence is construed more strongly in the non-moving party's favor, there is no genuine issue of material fact and a reasonable jury could not find for the non-moving party, then the moving party is entitled to judgment as a matter of law.' (Emphasis added.) *Sibberson v. Mercy Hosp.* (Mar. 31, 1989), Lucas App. No. 88-236, unreported, 1989 WL 29846." *Id.* at 107–108, 611 N.E.2d at 467.

In the case at bar, the nonmoving parties failed to produce sufficient evidence as required by Civ.R. 56(C) and, therefore, the trial court committed reversible error by overruling Kimble's motion for summary judgment. Thus, Kimble's sole assignment of error on cross-appeal is found to be with merit.

The judgment of the trial court is reversed, and this cause is remanded for further proceedings according to law and consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

VUKOVICH and WAITE, JJ., concur.