OPINION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Ottawa County Court of Common Pleas, Juvenile Division, which dismissed a paternity action. Because we conclude that the trial court abused its discretion in failing to admit genetic test results, we reverse.
In December 1996, the Ottawa Department of Human Services filed a paternity action on behalf of the Ottawa County Child Support Enforcement Agency and appellant, Joy B., against her former husband, appellee Glen D. The suit alleged that appellee was the father of appellant's son, Adam B., born September 25, 1984. The complaint requested child support and reimbursement of medical bills related to Adam's birth. Overruling appellee's objections, the juvenile court ordered appellee to submit to genetic testing. On February 26, 1997, the test results were filed with the court and copies were sent to the parties and their attorneys. Genetic test results indicated a probability of 99.89% that appellee is Adam's biological father.[1]
On May 23, 1997, appellee moved for summary judgment and "dismissal" on the basis that appellant was married to another man at the time of Adam's birth. Appellee contended that R.C. 3111.03
provides that a child born to a married couple creates an irrebuttable presumption that the husband is the father of the child. The trial court denied the motion and then proceeded with a hearing on August 19, 1997.
At this hearing, appellee first moved for dismissal based upon a claim that R.C. 3111.11 required the court to hold a pre-trial hearing prior to ordering the parties to submit to genetic testing. In the alternative, appellee requested that the test results be excluded. The court denied appellee's motion.
Appellant then testified. Appellant admitted that she had been married to another man at the time of Adam's birth; she noted, however, that that husband had been in prison. Appellant also stated that nine months before Adam's birth, she had sexual relations only with appellee. Appellant further testified that appellee had sent Adam a birthday card and $5 for Christmas in 1994. Appellant testified that she had submitted to genetic testing and identified Exhibit 1 as the copy of the test results she received from the court.
Diane Shimming, an investigator with the Ottawa County Department of Human Services, Child Support Division, testified as to the birth expenses for Adam. She also identified Exhibit 1 as the copy of the court ordered genetic test results that was filed with the court and sent to the parties and their attorneys.
At the close of appellant's case, appellee objected to the admission of the genetic test results on the basis that no foundation had been laid and that, pursuant to local rules, appellant had not provided appellee with a list of exhibits. Appellant countered that R.C. 3111.12(D) provides that, absent an objection filed by appellee fourteen days after receipt of the test results, the report is admissible without the need for foundation testimony or further proof of authenticity or accuracy. On January 21, 1998, the trial court, ruling that no foundation had been laid for the genetic test report, dismissed the action for lack of proof of paternity.
Appellant now appeals that judgment, setting forth the following four assignments of error:
"ASSIGNMENT OF ERROR I
 "THE TRIAL COURT ERRED IN EXCLUDING GENETIC TESTING RESULTS ON THE GROUNDS THAT NO FOUNDATION WAS LAID AS SAID EVIDENCE WAS ADMISSIBLE WITHOUT FOUNDATION PURSUANT TO OHIO REVISED CODE SECTION 3111.12(D) WHERE NO OBJECTION TO ADMISSIBILITY WAS FILED IN ACCORDANCE WITH SAID STATUTE.
"ASSIGNMENT OF ERROR II
 "THE TRIAL COURT BELOW ERRED IN EXCLUDING GENETIC TESTING RESULTS IT ORDERED BECAUSE SAID EVIDENCE WAS NOT DISCLOSED ON A LIST OF EXHIBITS TO BE FILED WITH THE COURT PURSUANT TO LOCAL RULE AS THERE IS NO SUCH LOCAL JUVENILE COURT RULE AND THE OTTAWA COUNTY COMMON PLEAS COURT, GENERAL DIVISION LOCAL RULE, UPON WHICH IT IS BELIEVED THE LOWER COURT RELIED, REQUIRES THE LIST BE SUBMITTED TO THE COURT, NOT THE PARTIES, AND THEREFORE APPELLEE WOULD NOT BE PREJUDICED BY ADMISSION INTO EVIDENCE AS HE HAD BEEN SERVED WITH SAID RESULTS AND FAILED TO OBJECT TO THEIR ADMISSION.
"ASSIGNMENT OF ERROR III
 "THE TRIAL COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS GENETIC TESTING RESULTS WERE FILED WITH THE COURT AND OFFERED INTO EVIDENCE AT HEARING INDICATING A PROBABILITY OF PATERNITY OF 99.89% THAT APPELLEE WAS THE NATURAL FATHER OF ADAM [B.] AND OTHER TESTIMONY AND EVIDENCE ESTABLISHING PATERNITY WAS UNCONTESTED BY APPELLEE AT HEARING.
"ASSIGNMENT OF ERROR IV
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DISMISSING APPELLANT'S PATERNITY COMPLAINT AS IT WAS PRESENTED WITH GENETIC TESTING RESULTS AND TESTIMONY OF APPELLANT ESTABLISHING PATERNITY WHICH WAS UNCONTESTED AT HEARING."
We will address appellant's four assignments together since they all relate to the admission of the genetic test results. On this issue appellant essentially argues that because appellee failed to object pursuant to statute, the genetic test results were admissible despite the alleged failure to designate such results as an exhibit prior to trial. We agree.
Generally, the admission or exclusion of evidence is left to the discretion of the trial court. State v. Maurer
(1984), 15 Ohio St.3d 239, 265. However, R.C. 3111.12(D) provides that:
 "If a court orders genetic tests to be conducted pursuant to section 3111.09 of the Revised Code, a party may object to the admission into evidence of the report of the test results by filing a written objection with the court that ordered the tests. The party shall file the written objection with the court no later than fourteen days after the report of the test results is mailed to the attorney of record of a party or to a party. The party making the objection shall send a copy of the objection to all parties.
 "If a party files a written objection, the report of the test results shall be admissible into evidence as provided by the Rules of Evidence. If a written objection is not filed, the report of the test results shall be admissible into evidence without the need for foundation testimony or other proof of authenticity or accuracy." (Emphasis added.)
Also, a common pleas court "has inherent power to make reasonable rules regulating***practice and procedure*** where such rules do not conflict with the Constitution or any valid statute." Cassidyv. Glossip (1967), 12 Ohio St.2d 17, paragraph three of the syllabus. Therefore, a valid statute which specifically authorizes the admission of evidence, i.e. genetic test results, overrides a local rule that would exclude such evidence.
In the present case, appellee objected to the admission of the test results on the basis of no foundation and "surprise", claiming that appellant failed to notify him, pursuant to local rule[2], of the intent to introduce the test results as a trial exhibit. However, the record reveals that a copy of the court-ordered genetic test results was filed with the court on February 26, 1997, as required by R.C. 3111.09.[3] The entry indicates that copies were also sent to the parties and their attorneys. Appellee did not file any objection to this report and does not dispute that he received a copy of the results. Therefore, since appellee failed to file a written objection to the report as specified in R.C. 3111.12(D), no foundation is required.
As to appellee's suggestion of surprise, we note that appellee moved just prior to trial to exclude the genetic test results based upon procedural matters. Consequently, appellee's claim that he had no idea that appellant intended to introduce court-ordered positive test results at trial is not supported by the record. Moreover, even if a local rule exists requiring the designation of exhibits prior to trial, in our view, such a rule would be subject to the specific dictates of R.C. 3111.12(D). Therefore, we conclude that the trial court abused its discretion in excluding the genetic test results and in dismissing appellant's paternity action.
Accordingly, appellant's first and second assignments of error are well-taken. Since the trial court excluded the test results, it failed to consider those results in its decision to dismiss the paternity action. Therefore, appellant's third and fourth assignments of error are premature and not well-taken.
The judgment of the Ottawa County Court of Common Pleas, Juvenile Division is reversed and remanded for proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.
[1] Appellee's husband at the time of Adam's birth, Richard D., was in prison. However, he was also tested and the results indicated a probability of 0% that he was Adam's biological father.
[2] Appellant disputes that such a local rule exists which is applicable to the juvenile court division.
[3] R.C. 3111.09(B) states in pertinent part, that "[a]n examiner conducting a genetic test, upon the completion of the test, shall send a complete report of the test results to the clerk of the court that ordered the test or, if the agency is a party to the action, to the child support enforcement agency of the county in which the court that ordered the test is located. The clerk or agency that receives the report shall mail a copy of the report to the attorney of record for each party or, if a party is not represented by an attorney, to the party."