DECISION AND JUDGMENT ENTRY
This negligence action is before the court on appeal from the Ottawa County Court of Common Pleas which granted appellee's summary judgment motion.
The following facts are relevant to this appeal. At approximately 7:30 a.m. on January 15, 1998, appellant, Louis Peasley, fell while descending an exterior stairwell at a Comfort Inn motel in Port Clinton, Ohio, where he had just spent the night. Appellant ascended the same stairwell before his fall without incident. At the time of his fall, appellant was carrying a box of clothing and supplies which he had taken from his daughters' hotel room.
Appellant testified in his deposition that at approximately 4:30 a.m. on the morning of his fall, he had been awakened by the sound of freezing rain, and that rain or drizzle had continued through the time of his fall. Appellant sustained injury to his back and left arm as a result of the fall.
Appellant filed suit against appellee, Comfort Inn, Incorporated, on January 14, 2000, claiming that appellee was negligent in maintaining a nuisance by failing to keep the stairway free of ice and snow. Appellant's wife, Katherine Peasley, filed a loss of consortium claim against appellee.
Appellee filed a motion for summary judgment on September 20, 2001, claiming that no evidence existed that appellant's fall was due to anything other than a natural accumulation of ice and snow. Appellee also asserted in the motion that its knowledge of the weather conditions the morning of appellant's fall was not superior to appellant's, and that the weather conditions were not substantially more dangerous than appellant could have appreciated.
On October 29, 2001, the trial court granted appellee's motion for summary judgment, noting that any icy accumulation at the time of appellant's fall would have been the result of natural events due to the weather conditions. The trial court went on to note:
 "[E]ven if this accumulation of ice was unnatural, Plaintiff had successfully navigated over this ice only minutes earlier on his way up the stairway. Thus he would have been aware of the ice and Defendant would not have a duty to protect Plaintiff from this danger."
Appellant filed his notice of appeal on November 21, 2001, and asks this court to consider the following assignments of error:
 "Assignment of Error No. I The trial court erred in granting summary judgment since genuine issues of material fact exist.
 "Assignment of Error No. II The trial court erred in granting summary judgment since judgment as a matter of law was not proper."
The standard of review of a grant or denial of summary judgment is the same for both a trial court and an appellate court. Lorain Natl. Bankv. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact" and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
Appellant's complaint averred negligence on the part of appellee. In order to establish actionable negligence, a plaintiff must show the existence of a duty, a breach of that duty, and injury resulting proximately from that breach. Fed. Steel Wire Cord v. Ruhlin Constr.Co. (1989), 45 Ohio St.3d 171, 173. The existence of a duty in a negligence action is usually a question of law for the court to determine. Mussivand v. David (1989), 45 Ohio St.3d 314, 318.
A landowner's duty to invitees is one of ordinary care in maintaining the premises in a reasonably safe condition. Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203. However, the landowner's duty does not include those dangers which are so obvious that it is reasonable to expect the invitee to notice them and protect himself accordingly. Id. at 203-204, citing Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. One danger that the Ohio Supreme Court has determined is so obvious that a business invitee can reasonably expect to notice it and protect himself from it is a natural accumulation of ice and snow. Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph two of the syllabus.
Indeed, the general rule in Ohio is that an owner or occupier of land ordinarily owes no duty to business invitees, like appellant, to remove natural accumulations of snow and ice from the premises, or to warn invitees of the dangers associated with such natural accumulations of ice and snow. Debie v. Cochran Pharmacy-Berwick, Inc. (1967),11 Ohio St.2d 38, 40. "It is only where a landowner has superior knowledge of a hazardous condition greater than that which would ordinarily be anticipated from a natural accumulation of ice and snow or where the accumulation itself is unnatural that the landowner may have liability." Coletta v. University of Akron (1988), 49 Ohio App.3d 35,37, citing Mikula v. Slavin Tailors (1970), 24 Ohio St.2d 48. This court has stated that an "`unnatural' accumulation must refer to causes and factors other than the inclement weather conditions of low temperature, strong winds and drifting snow * * *." Porter v. Miller (1983),13 Ohio App.3d 93, 95.
In applying these standards to the case under consideration, we find that the trial court did not err as a matter of law in granting summary judgment in favor of appellee. Indeed, our review of the testimony and exhibits indicates that the ice appellant apparently slipped on was a natural accumulation.
The record reflects that appellant awoke on the morning of his fall to the sound of freezing rain, which he recognized as such. Appellant testified in his deposition that he was familiar with the slippery nature of ice and snow, having previously lived in Minnesota, and North and South Dakota in the wintertime. As appellant made his way to his children's rooms, he noticed "quite a bit of ice on the walkway" and parking lot, and ice on the exterior staircase he climbed. Appellant testified that the condition of the stairs had not been altered between the time he ascended them and when he fell descending them, carrying a box. Appellant further testified that he did not know if the water he slipped on came from a leaky gutter or covering on the motel building, or if it simply fell from the sky. Photographs of the stairway and gutters did not reveal an unnatural accumulation of ice. Thus, we cannot say that the trial court lost its way in granting appellee's motion for summary judgment.
We note that appellant argues in his brief that "[a] mere scintilla of evidence is sufficient to deny summary judgment and let the case proceed to the jury." However, he does not cite to any caselaw in support of his proposition. A review of the caselaw reveals that courts have long held that it takes more than a scintilla of evidence to defeat a summary judgment motion. In 1871, the United States Supreme Court explained:
"Nor are judges any longer required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party. Formerly it was held that if there was what is called a scintilla of evidence in support of a case the judge was bound to leave it to the jury, but recent decisions of high authority have established a more reasonable rule, that in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." (Footnotes omitted.) Improvement Co. v. Munson, (1871),81 U.S. 442, 448.
Ohio courts, including this court, have held the same. Kimble v.Troyan (1997), 124 Ohio App.3d 599; Buckeye Union Ins. Co. v. Consol.Stores Corp. (1990), 68 Ohio App.3d 19, 22; Paul v. Uniroyal PlasticsCo. (1988), 62 Ohio App.3d 277, 282.
In this case, appellant failed to produce sufficient evidence to show that there were genuine issues of material fact as required by Civ.R. 56(C) and thus, the trial court did not err as a matter of law in granting appellee's motion for summary judgment. The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.