**John D. ROBERTS,**
**Petitioner-Appellant,**

v.

**Ronald MARSHALL,**
**Respondent-Appellee.**

No. 83–3486.

United States Court of Appeals,
Sixth Circuit.

Argued April 13, 1984.

Decided June 22, 1984.

Rehearing Denied July 12, 1984.

Paul Mancino, Jr. (argued), Cleveland, Ohio, for petitioner-appellant.

J. Anthony Logan, William J. Steele (argued), Columbus, Ohio, for respondent-appellee.

Before KEITH and MERRITT, Circuit Judges, and WEICK, Senior Circuit Judge.

PER CURIAM.

Defendant-Appellant John D. Roberts appeals the district court's denial of his writ for habeas corpus relief.

Defendant was found guilty of one count of murder in the first degree, O.R.C. § 2901.01, one count of murder in the first degree for killing a police officer, O.R.C. § 2901.01, and one count of possession of

heroin in violation of former O.R.C. § 3717.09.

He appealed his conviction to the Ohio Court of Appeals on grounds of prosecutorial misconduct. The judgment of conviction was affirmed. Defendant subsequently took an appeal to the Ohio Supreme Court. The Ohio Supreme Court dismissed the appeal on grounds that no substantial constitutional question existed. Defendant then filed a habeas petition in the district court which was denied. This decision was affirmed by the Sixth Circuit, 590 F.2d 335 (6th Cir.1979), and the Supreme Court denied petitioner's writ of certiorari in *Roberts v. Jago*, 441 U.S. 949, 99 S.Ct. 2173, 60 L.Ed.2d 1052 (1979).

Roberts, on April 21, 1981, petitioned the district court for another habeas petition, this time raising a new set of alleged errors. The district court denied his petition, and his appeal is now before this Court. For the reasons set forth below, we affirm the decision of the district court.

On January 11, 1973, Roberts and three companions drove to Shaker Square, on the outskirts of East Cleveland, to make a purchase of heroin. On the return drive the car was flagged down by a policeman. The occupants ignored the policeman's instructions and continued driving, but the car went out of control. The occupants then attempted to flee the scene on foot. The policeman shouted for them to stop, but they did not, and a chase ensued. The police officer apprehended Roberts and told him to stop. As the police officer approached, Roberts shot him. The policeman, Richard Miller, died as a result of the gunshot wound.

At trial, three different women testified to seeing the policeman chase Roberts. They heard a shout to halt, and they saw Roberts shoot the policeman twice. Roberts testified on his own behalf. He stated that he was unaware of what took place because he had taken a large quantity of pills earlier that morning. According to Roberts, he did remember being wounded by a volley of shots as he vaulted a barricade in the parking lot. Roberts alleges he told the officer he was shot. He then heard a voice holler, "Shot, hell, MF, I'll kill you." Roberts stated that a scuffle ensued between he and the policeman. Roberts maintained that he was unaware that Patrolman Miller was a police officer, even though the patrolman was in full uniform at the time. Allegedly, when the policeman pulled Roberts from behind a tree, Roberts claimed he was in fear for his life and that was when his gun discharged. He stated that he did not aim the weapon.

The jury found the defendant guilty as charged and he was sentenced to life in prison.

Petitioner's first claim is that the district court's instruction on the murder charge violated his due process rights under the Fourteenth Amendment. We disagree.

In its instruction to the jury the district court stated:

An essential element of the crime is that the act be done purposely. Purpose is a decision of mind to knowingly do an act with a conscious objective to produce a specific result. To do an act purposely is to do it intentionally and not accidentally. Purpose and intent mean the same thing.

The purpose or design with which a person does an act is usually known only to himself, unless he expresses it to others or indicates it by his conduct. *A person is presumed to have a purpose or design behind his voluntary acts, unless his actions are otherwise explained by the evidence. The purpose with which a person does an act or brings about a result is determined from the manner in which it is done, the means used and all the other facts and circumstances in evidence.* If a wound is inflicted upon a person with a deadly weapon in a manner calculated to destroy life, the intent or purpose to kill may be inferred from the use of the weapon. (Emphasis Supplied).

Petitioner posits that this instruction was akin to the instruction the Supreme Court

struck down in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). In *Sandstrom*, the Supreme Court found unconstitutional an instruction to the jury which said that "the law presumes that a person intends the ordinary consequences of his voluntary acts...." *Id.* at 523–24, 99 S.Ct. at 2458–59.

This Circuit addressed the constitutionality of a similar instruction in *Engle v. Koehler*, 707 F.2d 241 (6th Cir.1983). In *Koehler*, the instruction given was that "the law gives us a rule of thumb that a person is presumed to intend the natural consequences of his act." The Court found this instruction unconstitutional because it shifted the burden of proof onto the accused.

In the instant case the district court found the instruction it gave to be distinguishable from *Sandstrom* and *Koehler*, and hence permissible. We agree.

The instruction presently before the Court on review is readily distinguishable from those given in *Sandstrom* and *Koehler*. The language "a person is presumed to have a purpose or design behind his voluntary acts, unless his actions are otherwise explained by the evidence" is very different from an instruction that "the law presumes that a person intends the ordinary consequences of his voluntary acts." The district court's instruction in the case at bar neither indicated to the jury that they must apply a presumption nor that a defendant carried any evidentiary burden. Moreover, the trial judge carefully instructed the jury that the prosecution bore the burden of proof on all elements of the crime. Viewing the instruction in the context of the overall charge, we are confident that defendant's due process rights were not violated.

■ Petitioner next challenges the instruction given to the jury on the possession of heroin count. The jury received the following instruction:

The defendant must have knowledge of the narcotic nature of the substance. Knowledge of possession or control and of the narcotic nature of the substance may be shown by all of the facts and circumstances in the evidence.

*"Knowingly"* simply means that a person is aware of the existence of the facts in question and that he has acted in consideration of such facts.

*Possession or control of a narcotic drug is presumptive evidence of knowledge and intent to violate the provisions of the law. This presumption may be sufficient proof of such knowledge and intent to violate the law if it is not equaled or overcome by other evidence.* (Emphasis added).

The petitioner claims this instruction denied him due process of law, because it allowed the jury to conclusively presume that the defendant intended to violate the law for control or possession. We cannot agree with petitioner's argument.

This instruction went no further than to inform the jury that if they found that Roberts was in possession of a substance which was a narcotic drug they could conclude that he knew the substance was a narcotic drug without further evidence as to his knowledge, unless some evidence was forthcoming which would convince them that Roberts did not know what the substance was.

The Supreme Court has held that evidentiary presumptions pass constitutional muster if supported by common sense and experience. *Barnes v. United States*, 412 U.S. 837, 845, 93 S.Ct. 2357, 2362, 37 L.Ed.2d 380 (1973). We find that the challenged instruction is constitutional in light of common sense norms and expectations.

■ Petitioner's last two claims are that the judge erroneously shifted the burden of proving self-defense onto the defendant, and that the district court judge wrongfully refused to give a proper lesser-included offense instruction. However we are precluded from considering these two issues, because petitioner failed to object at trial. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1976). Nor were these issues raised on appeal, or considered by the Ohio appellate courts. *Engle v.*

*Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Thus, since plaintiff has failed to show cause and prejudice for not objecting to these instructions, we are without jurisdiction to address his claims.

Accordingly, the judgment of the Honorable Sam H. Bell of the United States District Court for the Northern District of Ohio is affirmed.