810 F.2d 201
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Christopher Brian HAYES, Petitioner-Appellant,
v.
Stephen NORRIS, Commissioner of Corrections; and Gary
Livesay, Warden, Respondents-Appellees.
 No. 85-6142.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1986.
 
 Before WELLFORD and GUY, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Tennessee prisoner appeals from a district court judgment dismissing his petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. After being granted permission to withdraw his unexhausted claims, petitioner proceeded to attack his 1982 jury conviction of assault with intent to commit murder in the first degree for which he received a twenty-five year sentence. Upon review of the cause, we affirm.
 
 
 2
 As his first claim, petitioner claims that the trial court erroneously instructed the jury that petitioner had the burden of proving his own innocence. Our review of the alleged defective instruction convinces us that the instructions taken as a whole correctly stated the state's burden of proof and did not otherwise infringe on petitioner's right to a fundamentally fair trial. See Henderson v. Kibbe, 431 U.S. 145, 154 (1977); Wood v. Marshall, 790 F.2d 548 (6th Cir.1986); Roberts v. Marshall, 736 F.2d 1126 (6th Cir.1984) (per curiam), cert. denied, 105 S.Ct. 970 (1984). To the extent the trial court did erroneously state that the petitioner had a burden of proving his innocence, the trial court did give a curative instruction which correctly clarified that the petitioner did not have any burden of proving his innocence. In addition, the instructions themselves repeatedly advised the jury that it was the state's burden to prove the defendant's guilt beyond a reasonable doubt. One such instance occurred immediately before the court gave the instruction challenged by petitioner. At this same time, the court also advised the jury that the petitioner was to be presumed innocent unless the state met its burden of proof. The court also repeatedly admonished the jury, if it had a reasonable doubt as to petitioner's guilt, it was required to acquit him of all the charges. Under these circumstances, the instructions were simply not constitutionally infirm.
 
 
 3
 Secondly, petitioner contends that the state elicited testimony from a prosecuting witness which impermissibly commented on his post-Miranda silence in violation of his due process rights as enunciated in Doyle v. Ohio, 426 U.S. 610 (1976). A review of the cause likewise shows that this claim is without merit. Absolutely no comment was made as to whether petitioner said anything or as to whether he failed to make any exculpatory statement following testimony which only reflected his receipt of his Miranda rights. Under these circumstances, eliciting only the fact of petitioner's receipt of his Miranda rights and absolutely nothing more did not result in his due process rights being violated. See United States v. Whitley, 734 F.2d 1129, 1135 (6th Cir.1984).
 
 
 4
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this case. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.