THE STATE OF OHIO, APPELLEE, *v.* HOWZE, APPELLANT.

(No. 9202—Decided October 11, 1979.)

*Mr. Stephan M. Gabalac,* prosecuting attorney, for appellee.

*Mr. Robert L. Crane, Jr.,* for appellant.

BELL, P. J.  Defendant-appellant, Daniel Lewis Howze, was the defendant in an action which was originally tried to a jury in the Court of Common Pleas of Summit County. As a result of that trial, he was convicted of three counts of aggravated robbery and sentenced accordingly. The general facts, which are alleged to have constituted criminal activity on his part, are not discussed in detail here in light of the defendant's assignments of error.

Early in the pretrial procedures, defendant entered pleas of "not guilty" and "not guilty by reason of insanity." During trial, medical testimony was introduced tending to support the insanity plea. The trial court instructed the jury that while the prosecutor bore the burden of proving each and every essential element of the crime charged beyond a reasonable doubt, defendant had the burden of proving the insanity defense by a preponderance of the evidence. Defendant objected, stating

that the burden so emplaced by the court (and by the statute which allowed it) infringed upon his right to due process. In essence, defendant contested the constitutional validity of the statute requiring him to maintain the burden of proof regarding the insanity plea. The court rejected defendant's argument, and that action is assigned as defendant's first assignment of error. Defendant's second assignment of error is predicated upon the trial court's denial of defendant's pretrial motion to suppress certain identification testimony.

We affirm the judgment rendered in the trial court for the reasons set out in the following discussion, which we have segmented to some degree in the interest of clarity.

### I. *Ohio Statutory Development.*

The trial court's jury charge followed explicitly the mandate of R. C. 2901.05, which reads, in part, as follows:

"(A) ***The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused."

Prior to 1974, Ohio required the accused to carry the burden of proof, by a preponderance of the evidence, on affirmative defenses. In the new criminal code enacted in 1974, the rule was changed (see 134 Ohio Laws 1893), resulting, first, in a substantial number of court decisions on the effect of the change, and finally, in an amendment to the statute itself (see Am. Sub. H. B. No. 1168, effective November 1, 1978; 137 Ohio Laws 3896).

The 1978 amendment resulted in the statutory wording, quoted above, and is currently applicable in this state. We know of no reported opinions which discuss the precise issue raised in this appeal: the constitutionality of the statute as amended.

### II. *Ohio Decisions.*

As a point of beginning, we first note that court decisions in Ohio, previous to 1974, were in accord that the placement of the burden of proof upon the accused, in affirmative defense matters, was constitutionally allowable. This common law rule is referred to in Justice Sweeney's opinion in *State* v. *Humphries* (1977), 51 Ohio St. 2d 95, 98. A summary, in footnote 1, at page 98, in *Humphries, supra,* lists a substantial

number of opinions which give testament to the court's conclusion; however, that list is not reproduced here. Additionally, *Humphries, supra,* at page 100, supports the view that insanity is an affirmative defense within the meaning of R. C. 2901.05. Its nature, as such, is the subject of an interesting comment in a recent law review article. See Comment, Affirmative Defenses in Ohio after *Mullaney* v. *Wilbur,* 36 Ohio St. L. J. 828.

With the coming of the new criminal code in 1974, the Ohio Supreme Court interpreted the "burden" referred to in R. C. 2901.05(A), as a burden of going forward, as opposed to a burden of persuasion. See *State* v. *Chase* (1978), 55 Ohio St. 2d 237; *State* v. *Humphries, supra; State* v. *Robinson* (1976), 47 Ohio St. 2d 103. These cases are of interest not only because of their contributions in clarifying the meaning of the 1974 statute, but also because of dicta referring to (1) pronouncements of the United States Supreme Court bearing on the affirmative defense question and (2) the inference that, were R. C. 2901.05 amended to the pre-1974 wording, the members of the court would have no real quarrel with its constitutional validity in light of *Patterson* v. *New York* (1977), 432 U. S. 197, and *Hankerson* v. *North Carolina* (1977), 432 U. S. 233.

III. *Defendant's Contentions—Federal Opinions.*

In those cases to which we have referred, no mention is made of the specific problem raised in the instant cause. They deal, in the main, with the general question of the burden of proof in affirmative defense matters. While they guide us here, they do not take up the specific application raised by this defendant's appeal.

Defendant's argument may be paraphrased in the following manner: When a defendant is compelled to carry the burden of proof imposed upon him by statute, as in this specific case, he is thereby burdened with disproving an essential element of the crime—here, presumably, the element of purpose. Since defendant views a number of decisions rendered by the United States Supreme Court as proscribing the shifting of the burden of proof to him in this fashion, he claims that his rights of due process of law under the Fourteenth Amendment to the United States Constitution are violated. We disagree.

The United States Supreme Court first confronted the general constitutional question now before us in 1952, when the court upheld an Oregon statute requiring the defense of insanity to be proved beyond a reasonable doubt by the defendant. See *Leland* v. *Oregon* (1952), 343 U. S. 790. In a later landmark case, the court expressly held that constitutional due process requires the prosecution to prove, beyond a reasonable doubt, every element necessary to constitute the crime with which a defendant is charged. See *In Re Winship* (1970), 397 U. S. 358. This constitutional requirement was subsequently applied in the case of *Mullaney* v. *Wilbur* (1975), 421 U. S. 684, wherein the court invalidated a Maine statute requiring the defendant, in a homicide case, to prove by a preponderance of the evidence that the killing occurred in the heat of passion or by reason of sudden provocation—and, if he did not so prove, malice would be inferred from the act itself. The court held that defendant could not be legally required to assume such a burden. In a concurring opinion, Mr. Justice Rehnquist, joined by Chief Justice Burger, specifically noted that the *Mullaney* decision should not be construed as overruling the *Leland* decision, *supra,* allowing states to place the burden of persuasion in affirmative defenses upon the defendant.

In a cause factually similar to our own, the same court dismissed the appeal of a Delaware defendant who contested the constitutionality of a statute imposing upon him the burden of proof, by a preponderance of the evidence, as to his insanity. In so doing, the members of the court held that the appeal did not raise a substantial federal question. See *Rivera* v. *Delaware* (1976), 429 U. S. 877.

One year later the court upheld a New York murder statute requiring an accused to prove by a preponderance of the evidence the affirmative defense of "extreme emotional disturbance." See *Patterson* v. *New York, supra.*

The *Patterson* opinion, *supra,* at pages 206 to 207, expressed an unwillingness to reconsider *Leland* and *Rivera, supra,* stating instead that once the facts constituting a crime had been established by proof beyond a reasonable doubt, even if based on *all* of the evidence (including that introduced by defendant and bearing on his mental state), the jury might properly vote for conviction, unless defendant had established his defense by the preponderance of the evidence. It is from

*Patterson* that Justice Herbert quotes at length in his concurring opinion in *Humphries, supra,* at pages 104 to 106.

A small part of the quoted portion of *Patterson,* in *Humphries,* suggests that although the majority of the states may have now assumed the task of disproving affirmative defenses, this does not mean " '***that those States who strike a different balance are in violation of the Constitution.' " *Humphries, supra,* at page 105, concurring opinion of Justice Herbert.

Ohio has struck a different balance—one which, on the basis of precedent, we hold to be constitutionally correct. The legislature of this state, by passage of the amended statute in question, has reinstated the common law rule, which is constitutionally valid now, as it was in the past.

### IV. *Discussion.*

But, notwithstanding what we have said in regard to the general constitutionality of the statute, we recognize that defendant suggests that not only is the statute constitutionally invalid, but also that the application of it in this case was erroneous.

In *Leland, supra,* for instance, the state of mind of the defendant was measured by the M'Naghten right-wrong yardstick. In contrast, Ohio's standard is multifaceted, as enunciated most clearly in *State* v. *Staten* (1969), 18 Ohio St. 2d 13. The second paragraph of the syllabus of that opinion, rearranged slightly in form, reads:

"2. In order to establish the defense of insanity[,] where raised by plea in a criminal proceeding, the accused must establish by a preponderance of the evidence that[:]

"***[ (a) a] disease or other defect of***[the] mind had so impaired his reason that***[:]

"***[ (b) ] at the time of the criminal act with which he is charged***either[:]

"***[ (i) ] he did not know that such act was wrong[,] or

"***[ (ii) ] he did not have the ability to refrain from doing***[the] act."

Although the Ohio standard differs from that in Oregon, it does not differ substantially from the Delaware rule considered in *Rivera, supra.* This similarity is of import in view of the *Rivera* dismissal. To quote from Mr. Justice Brennan's

comment in *Ohio, ex rel. Eaton,* v. *Price* (1959), 360 U. S. 246, 247, "* * *[v]otes to affirm summarily, and to dismiss for want of a substantial federal question, it hardly needs comment, are votes on the merits of a case* * *."

But defendant argues, as heretofore indicated, that if the testimony indicates that a defendant did not have the ability to refrain from doing a wrongful act, he is forced to assume the burden of disproving the essential element of a purposeful act, an element reserved to the prosecution's area of proof.

We conceive that defendant's argument is erroneous from two views. The first rests with the precedent we have cited previously. Observing as we do, that *Patterson* and *Rivera* uphold the constitutional validity of the emplacement of the burden of proof upon the defendant, the constitutional validity of Ohio's standard is surely supportable. The second reason for our view rests in the belief that the burden complained of by defendant is not one directed to an essential element of the crime charged but, rather, to the question of defendant's criminal volition—to his actions as a "free agent" under the law. However, this point was not raised in either the trial court or in the instant appeal. It is obvious that one may commit a purposeful act not knowing it to be wrong, or commit such a purposeful act, even though the actor knows the act to be wrong, but lacks the ability to refrain from doing it.

Neither of these possibilities need involve the question or purpose in the sense of, or element of, a crime. If the defendant commits a purposeful act because he is driven by "voices" to commit the act, does not the insanity defense raise the question of whether he committed a volitional act, as opposed to an inquiry concerning whether it is constitutional to require the defendant to assume the burden of proof? See R. C. 2901.21(A)(1).

In *Patterson, supra,* at page 206, the court held as follows:

"In convicting Patterson under its murder statute, New York did no more than *Leland* and *Rivera* permitted it to do without violating the Due Process Clause. Under those cases, once the facts constituting a crime are established beyond a reasonable doubt, based on all the evidence including the evidence of the defendant's mental state, the State may refuse to sustain the affirmative defense of insanity unless demonstrated by a preponderance of the evidence."

In summary, we hold that the statutory emplacement of the burden of proof upon defendant in this cause, *i.e.*, requiring him to prove by a preponderance of the evidence the issue of his insanity at the time of the commission of the crime with which he stands charged, is not violative of defendant's rights under the Fourteenth Amendment to the Constitution of the United States. We reject Assignment of Error No. 1.

V. *Defendant's Second Assignment of Error.*

The defendant's second assignment of error reads as follows:

"The trial court erred in overruling appellant's motion to suppress identification testimony."

Defendant contends that the photo array testimony, on which the motion to suppress was based, should not have been admitted in evidence pursuant to the principles set forth in the case of *Neil* v. *Biggers* (1972), 409 U. S. 188. In that case the court held that a determination as to whether pretrial identification procedures violate due process of law must be derived from the totality of the circumstances, including such factors as "***[ (1) ] the opportunity of the witness to view the criminal at the time of the crime, [ (2) ] the witness' degree of attention, [ (3) ] the accuracy of the witness' prior description of the criminal, [ (4) ] the level of certainty demonstrated by the witness at the confrontation, and [ (5) ] the length of time between the crime and the confrontation.***" *Id.*, at pages 199 to 200. Within the context of these factors, the identification procedures are scrutinized to determine if they are so unnecessarily suggestive and conducive to irreparable mistaken identification that the accused is denied due process of law.

The photo array in question consisted of six "instant" color photographs, one of which was a photograph of defendant taken by detective Helmut Klemm in December of 1978 as part of his interrogation of defendant. It is contended on appeal, that because defendant was the only one wearing Summit County Jail attire and because there appeared to be a piece of tissue paper visible on defendant's nose, that defendant's photograph was significantly different from the other five photographs—which was noted by one of the state's own witnesses. Such difference, however, did not result in that witness identifying the defendant in the photo array, even though it looked "unusual" to him.

The context within which such pretrial identification occurred clearly suggests that the identification procedure was in accord with due process of law. The robbery occurred on November 3, 1978, and the identification by the witnesses took place on December 16, 1978; moreover, the record clearly shows that there was ample opportunity for the victims to view the defendant at the scene of the crime as the man holding the rifle. The witnesses also testified that their identification of the defendant in the courtroom was based upon their recall of the participants at the time of the robbery. Finally, the court itself concluded that the photo array was a fair one, not unduly suggestive, and thereupon, overruled defendant's motion to suppress.

Based upon a review of the totality of the circumstances surrounding the identification in the instant action, we find the identification to be proper and not unconstitutionally prejudicial to the defendant. Accordingly, we reject Assignment of Error No. 2.

Having reviewed and rejected both assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

VICTOR and MAHONEY, JJ., concur.