**Daniel Lewis HOWZE,
Petitioner-Appellant,**

v.

**Ronald C. MARSHALL, Supt.,
Respondent-Appellee.**

No. 82–3326.

United States Court of Appeals,
Sixth Circuit.

Argued March 23, 1983.

Decided Sept. 9, 1983.

Certiorari Denied Jan. 23, 1984.
See 104 S.Ct. 1015.

J. Dean Carro, Appellate Review Office School of Law, Akron, Ohio, for petitioner-appellant.

Dain N. Deveny, Richard Drake (argued), Asst. Attys. Gen., Columbus, Ohio, for respondent-appellee.

Before MARTIN and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

This appeal from the district court's denial of Howze's petition for a writ of habeas corpus requires us to determine whether Howze was denied federal due process when, pursuant to Ohio law, the burden was placed upon him at trial to prove by a preponderance of the evidence that he was insane when he committed the robberies which led to his conviction. The district court held that the State of Ohio could constitutionally place the burden of proving the affirmative defense of insanity on Howze, relying upon the decisions in *Leland v. Oregon*, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952), *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), and *Krzeminski v. Perini*, 614 F.2d 121 (6th Cir.), *cert. denied*, 449 U.S. 866, 101 S.Ct. 199, 66 L.Ed.2d 84 (1980). We affirm.

## I.

The facts are not disputed and need not be discussed in detail due to the nature of the single constitutional issue Howze raises. It is sufficient to note that Howze was tried before a jury in the Summit County, Ohio, Court of Common Pleas and convicted of three counts of aggravated robbery.[1] There was conflicting evidence adduced at trial concerning Howze's sanity at the time of the robbery. During the pretrial phase Howze had entered pleas of "not guilty" and "not guilty by reason of insanity."

In submitting the case to the jury, the trial court judge instructed the jury that while the prosecutor bore the burden of proving each and every essential element of the crime charged beyond a reasonable doubt, defendant had the burden of proving the insanity defense by a preponderance of the evidence. The judge also cautioned the jury that it was not to reach the insanity issue unless it first found that the state had proven every element of the charged offense beyond a reasonable doubt.

---

1. These charges grew out of a single incident involving the robbery of a grocery store and two persons there.

Howze objected to this jury instruction, stating that the court's placement of the burden of proving insanity upon him was an unconstitutional deprivation of his right to due process. The essence of Howze's objection was that his insanity plea, based upon his contention that he acted under an irresistible impulse, negated an element of the crime and thus required that the state prove Howze was not insane when the robberies were committed.

Howze was convicted and is now serving his sentence in a state hospital for the criminally insane. His conviction was affirmed by the Ohio Court of Appeals for the Ninth District. *State v. Howze,* 66 Ohio App.2d 41, 420 N.E.2d 131 (1979). The Ohio Supreme Court denied Howze's petition for review and the United States Supreme Court denied certiorari. *Howze v. Ohio,* 447 U.S. 910, 100 S.Ct. 2996, 64 L.Ed.2d 860 (1980).

In his habeas corpus petition, Howze stated as his sole ground for relief that his rights under the due process and privileges and immunities clauses of the fourteenth amendment were violated when the trial court instructed the jury as stated above. The habeas corpus petition was assigned to a United States Magistrate for the Northern District of Ohio who recommended a decision denying the petition. The district court adopted the Magistrate's recommendation and denied the petition.

## II.

The trial court instructed the jury on the burden of proof that each party was required to bear under Ohio Law. Section 2901.05(A), OHIO REV.CODE ANN. (1978), provides:

(A) Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution. The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused.

Except for a brief period from 1976–1978, Ohio has consistently placed the burden of proving an affirmative defense on the defendant. *State v. Vargo,* 116 Ohio St. 495, 156 N.E. 600 (1927).

Insanity is treated as an affirmative defense in Ohio. *State v. Poole,* 33 Ohio St.2d 18, 294 N.E.2d 888 (1973); *State v. Staten,* 18 Ohio St.2d 13, 247 N.E.2d 293 (1969). This court has previously held that, under *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), "so long as a jury is instructed that the state has the burden of proving every element of the crime beyond a reasonable doubt, there is no due process violation" if the state places the burden of proving the affirmative defense of insanity upon the defendant. *Krzeminski v. Perini,* 614 F.2d at 123 (citation omitted). In *Rivera v. Delaware,* 429 U.S. 877, 97 S.Ct. 226, 50 L.Ed.2d 160 (1976), *dismissing for want of a substantial federal question,* 351 A.2d 561 (Del.1976), the Supreme Court in effect approved a decision by the Delaware Supreme Court that, although a Delaware statute included irresistible impulse as an insanity defense, it was not a denial of federal due process to require a defendant to prove insanity. Additionally, as stated, the state trial judge specifically instructed the jurors that they could not reach the question whether Howze met his burden of proving insanity until and unless they concluded that the state proved every element of the charged offense beyond a reasonable doubt.

Since the trial judge explicitly distinguished "the elements of the crime on which the state had the burden of proof from the elements of the affirmative defenses, on which the petitioner had the burden of proof," *Krzeminski v. Perini,* 614 F.2d at 124, we find no due process violation. *Id.*

Howze contends that *Patterson v. New York, Krzeminski v. Perini,* and all other prior Supreme Court or Sixth Circuit cases addressing similar legal issues are distinguishable and are therefore inapplicable because none were directly concerned with the irresistible impulse prong of an insanity de-

fense. Ohio's definition of legal insanity was set forth in the syllabus[2] to *State v. Staten,* as follows:

> In order to establish the defense of insanity where raised by plea in a criminal proceeding, the accused must establish by a preponderance of the evidence that disease or other defect of his mind had so impaired his reason that, at the time of the criminal act with which he is charged, either he did not know that such act was wrong or *he did not have the ability to refrain from doing that act.* (Emphasis added).

The definition is similar to that recommended by the American Law Institute:

> A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality [wrongfulness] of his conduct or *to conform his conduct to the requirements of the law.* MODEL PENAL CODE § 4.01 (Official Draft, 1962).

Both these definitions combine two tests—"right and wrong" and "irresistible impulse." Howze's contention is that, because proof of irresistible impulse disproves an element of the crime of aggravated robbery, requiring a defendant to prove irresistible impulse is tantamount to requiring that the defendant negate an element of the offense. If Howze is correct, this would be a denial of due process under *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) and *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Under Ohio law, however, proof of irresistible impulse does not negate an element of aggravated robbery.

As Howze points out in his brief, the trial court, in charging the jury as to the elements of aggravated robbery, stated that the burden was on the state to prove that Howze:

1. *knowingly* obtained or attempted to obtain property of some value;
2. for the *purpose* of depriving the owner of that property;

3. through the use of a deadly weapon. Brief for Appellant at 12. Section 2901.22, OHIO REV.CODE ANN., provides:

> (A) A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature.

> (B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.

Thus, Howze contends that a person who acts under an irresistible impulse does not act purposely and knowingly.

In *State v. Howze,* the Ohio appellate court in Howze's direct appeal stated that "the burden complained of by defendant is not one directed to an essential element of the crime charged but, rather, to the question of defendant's criminal volition—to his actions as a 'free agent' under the law." *Id.* 66 Ohio App.2d at 46, 420 N.E.2d 131. The court later continued: "It is obvious that one may commit a purposeful act not knowing it to be wrong, or commit such a purposeful act, even though the actor knows the act to be wrong, but lacks the ability to refrain from doing it. *Id. See also State v. Poole.* Thus, the Ohio courts have concluded that Ohio's "statutory emplacement of the burden of proof upon [Howze] . . . is not violative of [Howze's] rights under the Fourteenth Amendment. . . ." *State v. Howze,* 66 Ohio App.2d at 46, 420 N.E.2d 131. There is no doubt that in this case we should follow the interpretation of Ohio law by the Ohio court for, as the Supreme Court has stated: "This Court, however, repeatedly has held that state courts are the ultimate expositors of state law . . . and that we are bound by

---

**2.** The rule in Ohio is that the precedent in each case is to be found in the syllabus rather than in the text of the opinion. *Cassidy v. Glossip,* 12 Ohio St.2d 17, 231 N.E.2d 64 (1967).

their constructions except in extreme circumstances...." *Mullaney v. Wilbur,* 421 U.S. at 691, 95 S.Ct. at 1886 (footnote omitted). Moreover, and aside from the holding of the Ohio court on direct appeal, it appears clear to us that a person acting under an irresistible impulse could well be acting "knowingly" and with "purpose."

Howze also contends that his defense of insanity negated the "voluntary act" requirement for criminal liability found in OHIO REV.CODE ANN. § 2901.21(A). Section 2901.21(A) states in part that a person is not guilty of an offense unless his liability is based on conduct which is voluntary. While "voluntary act" is not defined, section 2901.21(C) defines involuntary acts as "[r]eflexes, convulsions, body movements during unconsciousness or sleep, and body movements that are not otherwise a product of the actor's volition." This court has recently held that, under Ohio case law, there is no support for the claim that self-defense negates the "voluntary act" requirement of section 2901.21. *Thomas v. Arn,* 704 F.2d 865 (6th Cir.1983). We similarly find no authoritative support for Howze's contention that his irresistible impulse claim negated the "voluntary act" requirement.

We therefore conclude that requiring Howze to prove that he acted under an irresistible impulse did not require him to disprove an element of the crime.

Accordingly, the decision denying Howze's petition for a writ of habeas corpus is AFFIRMED.

NATHANIEL R. JONES, Circuit Judge, concurring in the result.

The Majority holds that an insanity defense based upon a claim that one cannot conform his/her behavior to the requirements of the law does not negate the voluntariness element of aggravated robbery in Ohio. Although I agree with the result, I construe the majority's reasoning to include the district court's misapplication of *Leland v. Oregon,* 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952), and its progeny. Therefore, I concur separately.

The petitioner contends that under Ohio law, the crime of aggravated robbery contains three statutory elements: (1) that the defendant *knowingly* obtained or attempted to obtain property of some value, (2) that he had the purpose to deprive the owner of such property, and (3) that he used a deadly weapon. In addition, Ohio Revised Code § 2901.21(A) provides that a person is not guilty of a criminal offense unless his liability is based on a *voluntary act* and he has the requisite degree of culpability. Therefore, in order for the state to prove the appellant's guilt beyond a reasonable doubt, it would have to establish that he acted *knowingly, purposefully,* and *voluntarily in committing the offense.*

Appellant submits that imposing the burden upon him to prove that he could not conform his actions to the requirements of the law required him to negate the voluntariness element of aggravated robbery in violation of his due process rights. *Accord Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). To give appropriate consideration to the appellant's argument, one must trace the status of the insanity defense as it has been construed in this context.

There are three types of insanity defenses: (1) the M'Naghten "Right-and-Wrong" test, (2) the American Law Institute modification of the M'Naghten test which focuses on the ability to conform one's behavior to the law or the "irresistible impulse" test and, (3) the *Durham* "product of mental illness" test. In *Leland v. Oregon, supra,* the Supreme Court considered an Oregon statute that imposed upon a criminal defendant the burden of proving an insanity defense beyond a reasonable doubt. *Leland* involved the application of M'Naghten "right-and-wrong" test for determining one's insanity. The court held that the imposition of the reasonable doubt standard for the purpose of proving this affirmative defense was not violative of due process. In my view, *Leland v. Oregon, supra,* is distinguishable from the instant case because the Ohio standard for insanity, as raised in this appeal, is the ALI modifica-

tion of the M'Naghten insanity test and because the voluntariness element of the offense that is present here was not an element of Oregon's criminal responsibility statute in *Leland.*

*Leland v. Oregon, supra,* was decided at a time when the precise differences in the insanity defenses were unclear. This is evidenced by that Court's explanation that the Oregon statute "amounts to no more than a legislative adoption of the 'right-and-wrong' test of legal insanity in preference to the 'irresistible impulse' test." 343 U.S. at 800, 72 S.Ct. at 1008. The Court further recognized that the "[k]nowledge of right and wrong is the exclusive test of criminal responsibility in a majority of American jurisdictions." *Id.* Thus, it is clear that the insanity defense that was analyzed in *Leland* is different from that which is before this court today.

Moreover, the defendant in *Leland* was charged with first degree murder, an offense which did not include a voluntariness element. In *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), the Supreme Court held that if there is a logical incompatibility between an affirmative defense and the prosecution's proof of all the elements of the crime charged such that proof of the affirmative defense negates an element of the offense, the burden for proving such a defense cannot be placed upon the defendant without violating due process. *Id.* at 700–02, 95 S.Ct. at 1890–91. It has been clearly established that the states have the power to define their crimes and to allocate the burdens of persuasion. *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). However, this power is limited in that the burden of persuading the factfinder that every element of the crime has been proved beyond a reasonable doubt *must* always be placed on the prosecution. *See Holloway v. McElroy,* 632 F.2d 605, 625 (5th Cir.1980). Any shifting of the burden of proving each element of the offense, whether explicit or implicit, whether direct or indirect, offends due process.

In the instant case, the appellant asserted an insanity defense under the modified M'Naughten test—*viz.* he asserted that he was not able to conform his behavior to the law. The notion of "free will" has been construed to mean that an individual is "capable of acting or abstaining from action." *State v. Staten,* 18 Ohio St.2d 13, 17, 247 N.E.2d 293 (1969). In my view, this means that one must be able to act in conformity with one's choices and that one must have the capacity to make a choice. Thus, when an individual can establish that his actions are not the product of reasoned choices or that upon making a choice he could not act accordingly, he has negated all notions of voluntariness in terms of his actions. Thus, I would conclude that the insanity defense as asserted herein is clearly inconsistent with and contrary to the notion that one undertakes to commit an act voluntarily. However, in light of the fact that state courts are the ultimate expositors of state law and since the Ohio Court of Appeals has held that self-defense, as raised in this case, does not negate the voluntariness element of aggravated robbery, *see State v. Howze,* 66 Ohio App.2d 41, 46, 420 N.E.2d 131 (1979), such a conclusion is binding and I concur only in the result reached by the majority. I do not agree with the majority's implied application of *Leland v. Oregon, supra,* to this case.