Michael L. WOOD, Petitioner-Appellant,

v.

R.C. MARSHALL, Supt., Respondent-Appellee.

No. 85–3528.

United States Court of Appeals, Sixth Circuit.

Argued April 3, 1986.

Decided May 16, 1986.

J. Dean Carro (argued), Akron, Ohio, for petitioner-appellant.

Cordelia. A. Glenn (argued), Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before MARTIN and GUY, Circuit Judges, and REED,* District Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Michael Wood was convicted of aggravated murder and aggravated robbery by an Ohio jury in 1978. For these crimes, he was sentenced to concurrent terms of life and seven to twenty-five years, respectively. In 1979 the Ohio Court of Appeals affirmed Wood's conviction and in 1984 the Ohio Supreme Court dismissed Wood's delayed discretionary appeal. Wood's petition for federal habeas corpus relief was denied in federal district court, and he now appeals.

The facts of the case are not in dispute. Wood's conviction stemmed from the shooting of an occupant of a parked car with a shotgun. Wood pled not guilty and not guilty by reason of insanity. His primary defense was based on the insanity plea, which was premised on Ohio's "irresistible impulse" definition of the insanity defense.

On August 25, 1978, the judge began his oral instructions to the jury. During the oral instructions, he first stated specifically that the insanity defense must be proved by the defendant beyond a reasonable doubt. Later, in the same oral instructions, he stated that the burden was on the state to prove beyond a reasonable doubt that Wood was not insane. Wood's counsel made a timely objection to the instructions.[1] After three and one-half hours of

---

* Honorable Scott Reed, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1. Ohio law regarding the burden of proof of affirmative defenses has undergone many changes. The statute in effect at the time of Wood's trial provided:

   Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof is on the prosecution. The burden of going forward with the evidence of an affirmative defense is upon the accused.

Ohio Rev.Code § 2901.05(A) (1974 version). In *State v. Robinson,* 47 Ohio St.2d 103, 108–09, 351 N.E.2d 88 (1976), the Ohio Supreme Court interpreted this statute as requiring the prosecution to disprove any affirmative defense.

deliberation, the jury requested a written legal description of the Ohio insanity defense. The judge complied with this request and gave to the jury a correct written legal description of insanity in Ohio at the time of trial. The jury again retired, returning not long thereafter finding Wood guilty of aggravated murder and aggravated robbery.

Here Wood advances two legal arguments. First, he argues that the trial court's first oral instruction placing the burden of proof on the defendant to prove insanity violated his constitutional rights by requiring him to prove an element of the offense. Wood further argues that the oral instructions were erroneous, were not cured by the later written description of insanity, and therefore violated both due process and his sixth amendment right to a fair trial.

■ The State must prove all elements of a crime beyond a reasonable doubt. *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). If an affirmative defense bears a necessary relationship to an element of the charged offense, the burden of proof of that defense may not be placed on the defendant. *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).

Wood contends that the oral instruction placing the burden of proof of irresistible impulse on him violated his due process rights, because one acting under an irresistible impulse necessarily acts without the required mens rea. Wood also argues that proof of irresistible impulse negates the voluntariness element of a crime, required by Ohio law. This Court rejected an essentially identical argument in *Howze v. Marshall*, 716 F.2d 396 (6th Cir.1983), *cert. denied*, 465 U.S. 1013, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). *Howze* held that under

Ohio law, proof of irresistible impulse did not negate the "voluntary act" requirement for criminal liability found in Ohio Rev. Code Ann. § 2901.21(A) (Baldwin 1982). *Id.* at 400. *See also White v. Arn*, 788 F.2d 338 (6th Cir.1986); *Takacs v. Engle*, 768 F.2d 122, 126–27 (6th Cir.1985); *Thomas v. Arn*, 704 F.2d 865, 876 (6th Cir.1983).

Wood was convicted of aggravated murder and aggravated robbery. Both crimes contain a mens rea requirement that the perpetrator act "purposely." Ohio Rev. Code Ann. §§ 2901.22(A), 2903.01(B), 2911.-01 (Baldwin 1982). Wood contends that a person acting under an "irresistible impulse" cannot form the culpable mental state of mind to commit the offense.

■ We also rejected this argument in *Howze v. Marshall*, 716 F.2d at 399–400. The *Howze* court relied on *State v. Howze*, 66 Ohio App.2d 41, 46; 420 N.E.2d 131 (1979), where the Court of Appeals of Ohio stated: "It is obvious that one may commit a purposeful act not knowing it to be wrong, or commit such a purposeful act, even though the actor knows the act to be wrong, but lacks the ability to refrain from doing it." Certainly where an Ohio court has distinctly interpreted Ohio law we are bound unless their interpretation is violative of the United States Constitution. *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Accordingly we reject Wood's contention that proof of the insanity defense negates either the voluntariness or the mens rea element of the crimes with which he was charged. If the defense does not bear upon an element of the crime, placing the burden of proof of the defense on the defendant does not violate his due process rights under *In Re Winship, Mullaney,* or *Patterson*.

Further, the 1974 version of section 2901.05 does not implicitly designate the absence of insanity an element of the crime

---

In contrast, the current version of section 2901.05(A) reads:
> Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof of all elements of the offense is on the prosecution. The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is on the accused.

charged against the defendant. In *Engle v. Isaac,* 456 U.S. 107, 120, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982), the Court addressed the constitutionality of placing the burden of proof of an affirmative defense on a criminal defendant and concluded: "[t]he structure of Ohio's Code suggests simply that the State decided to assist defendants by requiring the prosecution to disprove certain affirmative defenses. Absent concrete evidence that the Ohio Legislature or courts understood section 2901.-05(A) to go further than this, we decline to accept respondents' construction of state law [that the absence of an affirmative defense was an element of the crime charged]."

■ Wood argues that such "concrete evidence" can be found in *State v. Gall,* 65 Ohio App.2d 57, 415 N.E.2d 1008 (1980). This argument, however, is certainly spurious, because the 1980 *Gall* decision was issued before *Engle v. Isaac,* which was decided under the same Ohio law applicable to Wood's trial. Wood cites no other "concrete evidence" that Ohio intends sanity to become an element of the crime of aggravated murder or aggravated robbery, and we have found none.[2]

■ The first oral instructions given to the jury at Wood's trial were an incorrect statement of Ohio law as it then existed. The version of the Ohio Code in effect at the time of Wood's trial placed the burden of proving an affirmative defense on the State. Ohio Rev.Code Ann. § 2901.05(A) (Baldwin 1982). However, this erroneous instruction does not rise to the level of a constitutional violation because it did not place the burden of proof of an element of the offense on the defendant. A jury instruction which violates only state law cannot provide a basis for habeas corpus re-

lief. *Gryger v. Burke,* 334 U.S. 728, 731, 68 S.Ct. 1256, 1257, 92 L.Ed. 1683 (1948); *Watters v. Hubbard,* 725 F.2d 381, 383 (6th Cir.1984); *Combs v. Tennessee,* 530 F.2d 695 (6th Cir.), *cert. denied,* 425 U.S. 954, 96 S.Ct. 1731, 48 L.Ed.2d 198 (1976).

Wood's second argument is intertwined with his first. He claims that the erroneous instruction holding him to a greater standard of proof than was required by Ohio law violated his constitutional right to a fair trial, and that the later written instruction did not cure the confusion caused by the contradictory oral instructions.

■ Jury instructions in a criminal case must be evaluated in the context of the overall charge. *Engle v. Koehler,* 707 F.2d 241, 244 (6th Cir.1983), *aff'd,* 466 U.S. 1, 104 S.Ct. 1673, 80 L.Ed.2d 1 (1984). Although the written instruction contradicts the first oral instruction given in this case, we believe that viewing the instructions as a whole, the defendant's constitutional rights were not violated. The correct instruction was written, rather than oral, and correctly explained not only the burdens of proof but the insanity defense itself.[3] In a habeas proceeding, allegedly improper jury instructions must be shown to have infected the accused's trial to such a degree as to constitute a clear violation of due process. The petitioner must show more than that the instructions are undesirable, erroneous, or universally condemned. *Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977) *quoting Cupp v. Naughten,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). Because the burden of proof of the affirmative defense of insanity may constitutionally be placed on a criminal defendant, *Leland v. Oregon,* 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952), an oral jury instruction placing this burden on

---

**2.** The determination whether sanity is an element of the crime charged therefore depends on state law. This Court held in *Duffy v. Foltz,* 772 F.2d 1271 (6th Cir.1985) that Michigan's decision in *People v. Murphy,* 416 Mich. 453, 331 N.W.2d 152, 157–58 (1982), constituted "concrete evidence" that sanity was an element of the crime of rape. This issue was accepted for

certification by the Supreme Court of Michigan on March 14, 1986.

**3.** The Ohio Court of Appeals judge correctly observed that Wood's counsel had the option to move for a mistrial, particularly since the prosecutor joined in the objection to the instruction, but made a tactical decision to continue with the existing jury.

Wood, even though erroneous under Ohio law, does not violate Wood's federal constitutional rights.

Wood argues that recent Supreme Court precedent indicates that the conflicting instructions given in this case constitute a denial of due process. Specifically, Wood claims that *Francis v. Franklin,* — U.S. —, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985), supports this position. *Francis,* however, merely holds that a later instruction contradicting a *constitutionally infirm* instruction cannot absolve the infirmity. As we have held that the instruction given in Wood's case is not constitutionally infirm, *Francis* is not applicable. Further, *Francis* reaffirms the principle that jury instructions should be evaluated as a whole, — U.S. at —, 105 S.Ct. at 1971, 85 L.Ed.2d at 354, and we believe that these instructions, considered in context, did not violate Wood's constitutional rights. *See also Delaware v. Van Arsdall,* — U.S. —, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

Wood's petition for habeas corpus is denied and the district court's judgment is affirmed.