849 F.2d 609
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wesley HADLOCK, Petitioner-Appellant,
v.
Norris W. MCMACKIN, Respondent-Appellee.
 No. 87-4071.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1988.
 
 1
 Before CORNELIA G. KENNEDY and NATHANIEL R. JONES, Circuit Judges, and CONTIE Senior Circuit Judge.
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This Ohio state prisoner appeals the district court's judgment denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254.
 
 
 4
 Petitioner was convicted by a jury of kidnapping, with a gun specification, and extortion. His conviction was obtained on the basis of aider and abettor liability. Petitioner was sentenced to consecutive terms of ten to twenty-five years on the kidnapping charge, and five to ten years on the extortion charge. In his habeas petition, petitioner raised the following claims: 1) improper jury instructions (subdivided into three categories); 2) insufficient evidence to sustain the conviction, and 3) prosecutorial misconduct during cross-examination of a defense witness. The magistrate assigned to the case recommended denial of the petition. On de novo review, the district court adopted the magistrate's recommendation in light of petitioner's objections, and dismissed the petition. Upon review, we conclude the district court properly denied the petition.
 
 
 5
 Regarding the jury instruction claims, we conclude that habeas relief was not warranted because the instructions, taken as a whole, were not so infirm as to render the trial fundamentally unfair. See Henderson v. Kibbe, 431 U.S. 145, 154 (1977); Wood v. Marshall, 790 F.2d 548, 551-52 (6th Cir.1986), cert. denied, 107 S.Ct. 889 (1987). Moreover, review of petitioner's claim that the trial court erred in not giving a lesser included offense instruction, is procedurally barred in this court. Ohio R.Crim.Pro. 30(A) requires that defense counsel object to the giving of an instruction in order to preserve that error for appeal. In this case, trial counsel did not object to the instruction. Nor has petitioner alleged cause and prejudice for the procedural default. Consequently, this court is precluded from reviewing that particular claim. See Wainwright v. Sykes, 433 U.S. 72 (1977).
 
 
 6
 Regarding the insufficiency of evidence claim the evidence adduced at trial indicated that petitioner, along with other members of his family, held the victim at gun point, beat him, and threatened to kill him if he did not give them $2000.00. These factual findings, by the Ohio Court of Appeals, were entitled to a presumption of correctness because petitioner did not discredit them by clear and convincing evidence. See Sumner v. Mata II, 449 U.S. 539 (1981). We conclude the evidence was sufficient to sustain the conviction under the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 324 (1979).
 
 
 7
 Finally, petitioner claimed prosecutorial misconduct during cross-examination of a defense witness. We likewise conclude that this claim is without merit. Cf. Hockenberry v. Sowders, 718 F.2d 155 (6th Cir.1983), cert. denied, 466 U.S. 975 (1975).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.