872 F.2d 1028
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony RIGGINS, Petitioner-Appellant,
v.
Norris MCMACKIN, Respondent-Appellee.
 No. 88-3212.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1989.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and CHARLES M. ALLEN, Senior District Judge.*
 
 ORDER
 
 2
 This Ohio prisoner appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Anthony Riggins was convicted by a jury of having a weapon while under a disability in violation of Ohio Rev. Code Sec. 2923.13. He was sentenced to serve three to five years imprisonment and received an additional three year sentence based on a firearm and prior offense of violence specification under Ohio Rev. Code Sec. 2929.71. Riggins raised numerous claims in his petition, including double jeopardy, evidentiary errors at trial, trial judge bias, improper comment by the prosecutor, and erroneous jury instructions.
 
 
 4
 The case was referred to a magistrate who determined that Riggin's claims lacked merit and recommended that the petition should be denied. Upon review in light of Riggin's objections, the district court adopted the magistrate's findings as its own and dismissed the petition. Riggin's subsequent motion to alter or amend pursuant to Fed.R.Civ.P. 59(e) was also denied.
 
 
 5
 Upon review, we conclude that denial of the petition was proper.
 
 
 6
 First, the convictions do not violate the constitutional protection against double jeopardy. See Blockburger v. United States, 284 U.S. 299, 304 (1932); Missouri v. Hunter, 459 U.S. 359, 366-68 (1983). Next, the challenges to evidentiary rulings did not demonstrate errors so egregious as to warrant a grant of habeas relief. See Davis v. Jabe, 824 F.2d 483, 487 (6th Cir.), cert. denied, 108 S.Ct. 509 (1987). Similarly, the allegations of erroneous jury instructions did not establish that the entire trial was so infected that the proceedings was rendered fundamentally unfair. See Henderson v. Kibbe, 431 U.S. 145, 154 (1977); Wood v. Marshall, 790 F.2d 548, 551-52 (6th Cir.1986), cert. denied, 107 S.Ct. 889 (1987).
 
 
 7
 Moreover, the assertion of trial judge bias did not present grounds for relief because the alleged misconduct by the trial judge was not significant and substantial. See McBee v. Grant, 763 F.2d 811, 818 (6th Cir.1985). Lastly, the district court correctly denied habeas relief on the basis of prosecutorial misconduct on cross-examination and at closing argument. The prosecutor's conduct was not so egregious as to render the proceedings unfair. See Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974); Martin v. Foltz, 773 F.2d 711, 716-17 (6th Cir.1985), cert. denied, 478 U.S. 1021 (1986).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.