894 F.2d 407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Douglas BROWN, Petitioner-Appellant,
v.
Billy McWHERTER, Warden, Respondent-Appellee.
 No. 89-5507.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1990.
 
 1
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and WILLIAM O. BERTELSMAN, District Judge.
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Petitioner was convicted by a jury of felony-murder and armed robbery. His conviction was obtained on the basis of aider and abettor liability. Petitioner was sentenced to consecutive life sentences as a Range II, persistent offender. In his habeas petition, petitioner asserts: 1) insufficient evidence to sustain the conviction; 2) violation of the double jeopardy clause as a result of his dual convictions for felony-murder and armed robbery and the imposition of consecutive life sentences; 3) improper jury instructions; and 4) erroneous trial court ruling on his motions for judgment notwithstanding the verdict and judgment of acquittal. The district court dismissed the petition and this appeal followed. On appeal, petitioner asserts the same claims with the exception of claim four which the district court ruled not to be cognizable in a petition for habeas corpus relief. The parties have briefed the issues, petitioner proceeding pro se.
 
 
 4
 Upon review, we conclude the district court properly dismissed the petition as the petitioner was not denied a fundamentally fair trial. Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984). First, regarding the insufficiency of evidence claim, the Tennessee Court of Criminal Appeals found that petitioner, along with co-defendant Thomas Lee Crouch, picked up the victim with the intention of robbing him. The court further found that after robbing the victim, co-defendant Crouch beat him with a crowbar about the head. The court also found that both petitioner and his co-defendant were in possession of the victim's belongings after the killing and that petitioner and Crouch admitted killing the victim so that he could not testify against them. Finally, the court found that petitioner was a willing and active participant in the robbery and accountable for all the consequences flowing from the robbery. These factual findings were entitled to a presumption of correctness because the petitioner did not discredit them by clear and convincing evidence. See Sumner v. Mata, 455 U.S. 591 (1982) (per curiam). Under Tennessee law, the commission of the murder in this case was not so distinct or collateral to the robbery that it would render it invalid as a felony-murder. See Farmer v. State, 201 Tenn. 107, 296 S.W.2d 879, 883 (1956). We conclude the evidence was sufficient to sustain the conviction under the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 324 (1979).
 
 
 5
 Second, regarding the double jeopardy claim, we are bound by the state court ruling in State v. Blackburn, 694 S.W.2d 934, 937 (Tenn.1985), which held that the Tennessee legislature intended that multiple punishments be imposed on conviction of a defendant for felony-murder and for the underlying felony. See Banner v. Davis, 886 F.2d 777, 780 (6th Cir.1989).
 
 
 6
 Finally, regarding the jury instruction claim, we conclude that habeas relief was not warranted because the instructions, taken as a whole, were not so infirm as to render the trial fundamentally unfair. See Henderson v. Kibbe, 431 U.S. 145, 154 (1977); Wood v. Marshall, 790 F.2d 548, 551-52 (6th Cir.1986), cert. denied, 479 U.S. 1036 (1987).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 8
 ---------------
 
 
 
 * The Honorable William O. Bertelsman, U.S. District Judge for the Eastern District of Kentucky, sitting by designation.