39 F.3d 1183
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William R. WASHINGTON, Petitioner-Appellant,
v.
Martin MAKEL, Warden, Respondent-Appellee.
 No. 94-1569.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1994.
 
 1
 Before: JONES, SILER and GODBOLD,* Circuit Judges.
 
 ORDER
 
 2
 William R. Washington, a pro se Michigan prisoner, moves for counsel on appeal from a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On March 23, 1987, Washington was convicted by a jury of first degree criminal sexual conduct. He was sentenced to a term of incarceration of 20 to 40 years. Washington made collateral attacks on his conviction and sentence within the Michigan state court system. He presented the three issues which he asserted in his habeas petition to all levels of the Michigan court system; therefore, he has exhausted his state court remedies for the purposes of federal habeas corpus review.
 
 
 4
 In his habeas petition, Washington claimed: 1) that the trial court committed reversible error by improperly instructing the jury; 2) that his sentence was disproportionate to the seriousness of the offense, for which he is entitled to resentencing; and 3) that his sentence violated the principle of proportionality, thereby constituting cruel and unusual punishment.
 
 
 5
 The matter was referred to a magistrate judge who issued a report recommending that the habeas petition be denied. Despite Washington's objections, the district court adopted the report and recommendation in an opinion and judgment dated May 5, 1994.
 
 
 6
 Initially, we note that Washington does not raise claims two and three above on appeal to this court; therefore, these claims are considered abandoned and will not be reviewed. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 Upon review, we affirm the district court's judgment because Washington has not shown that he was denied a fundamentally fair trial. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993); Williamson v. Parke, 963 F.2d 863, 865 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992).
 
 
 8
 Washington claimed that the jury received an improper instruction on the elements of the offense of first degree criminal sexual conduct, and, therefore, his conviction violated due process of law. Washington argued that the living arrangement between himself, the victim, and her family did not constitute a "household".
 
 
 9
 In order for habeas corpus relief to be warranted on the basis of erroneous jury instructions, a petitioner must show more than that the jury instructions were undesirable, erroneous, or even universally condemned; he must show that the instructions, taken as a whole, were so infirm that they rendered the entire trial fundamentally unfair. Estelle v. McGuire, 112 S.Ct. 475, 482 (1991); Henderson v. Kibbe, 431 U.S. 145, 154 (1977); Wood v. Marshall, 790 F.2d 548, 551-52 (6th Cir.1986), cert. denied, 479 U.S. 1036 (1987).
 
 
 10
 The Michigan Court of Appeals and the Michigan Supreme Court rejected Washington's argument that his living arrangement with the victim and her family did not constitute a household which would make his offense punishable as first degree criminal sexual conduct. The rulings by a state's highest court with respect to state law are binding on the federal courts. Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam); Smith v. Sowders, 848 F.2d 735, 739 (6th Cir.), cert. denied, 488 U.S. 866 (1988). Furthermore, as the Supreme Court has observed, "Today, we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Estelle, 112 S.Ct. at 480. This court defers to the state courts' interpretation of their own laws.
 
 
 11
 Irrespective of this court's deference to the state courts' interpretation of their own laws, there was frequent and ample evidence upon which the jury could find that Washington's living arrangement with the victim and her family constituted a household as defined by Michigan case law. The victim's mother testified that Washington and herself lived like husband and wife for a good portion of nine years, during which Washington provided financial support for her and her children. She also testified that Washington helped pay a deposit and rent on their residence and helped pay utilities. Although she never gave Washington permission to physically punish her children, the victim's mother allowed Washington to talk to them and verbally discipline them. The victim's mother testified that her children did what Washington told them to do. The victim testified that Washington gave her financial support and punished her from time to time. Given the foregoing, the jury could conclude that a continuous and subordinating relationship existed and that Washington was a coercive authority figure sufficient to constitute a "household" within the meaning of the statute. Therefore, the jury instruction was not erroneous as to the elements of first degree criminal sexual conduct and was not so ailing that it infected the trial and denied Washington due process.
 
 
 12
 Accordingly, the motion for counsel is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge for the Eleventh Circuit, sitting by designation