82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert MARCUM, Petitioner-Appellant,
v.
Fred McANINCH, Warden, Respondent-Appellee.
 No. 95-3675.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1996.
 
 1
 Before: NORRIS and COLE, Circuit Judges, and HULL, District Judge.*
 
 ORDER
 
 2
 Robert Marcum, a pro se Ohio state prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A Clermont County Grand Jury indicted Marcum in May 1989 on one count of aggravated burglary under Ohio Rev.Code Ann. § 2911.11. A jury found Marcum guilty, and the trial court sentenced him to serve ten to twenty-five years in prison.
 
 
 4
 After exhausting his state court remedies, Marcum filed the present petition for a writ of habeas corpus raising five grounds for habeas corpus relief. In grounds one through four, Marcum asserts that his appellate counsel was ineffective in the following ways: 1) by improperly arguing that the evidence was insufficient to support the verdict; 2) by not assigning as error on appeal trial counsel's failure to object to the seating of jurors who had been burglarized or knew someone who had been burglarized; 3) by not raising on appeal trial counsel's failure to object when the prosecutor commented on Marcum's decision not to present a defense; and 4) by not arguing on appeal that the cumulative effect of the trial court errors denied Marcum a fair trial. Finally, in ground five, Marcum argues that the trial court improperly instructed the jury on complicity.
 
 
 5
 The district court determined that Marcum's claims were without merit and denied the petition in a memorandum and order filed May 31, 1995. This timely appeal followed.
 
 
 6
 Upon review, we conclude that the district court properly denied Marcum's petition for a writ of habeas corpus because Marcum was not denied a fundamentally fair trial. Clemmons v. Sowders, 34 F.3d 352, 356 (6th Cir.1994). None of the alleged instances of ineffectiveness of appellate counsel rise to a level of constitutional dimension. Strickland v. Washington, 466 U.S. 668, 687 (1984). Moreover, the unnecessary complicity instruction, standing alone, did not result in a fundamentally unfair trial. See Estelle v. McGuire, 502 U.S. 62, 72 (1991); Wood v. Marshall, 790 F.2d 548, 551-52 (6th Cir.1986), cert. denied, 479 U.S. 1036 (1987).
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation